Serio *v.* Serio.

4-6046                                      143 S. W. 2d 1097

Opinion delivered October 14, 1940.

*W. W. Grubbs,* for appellant.

*William West,* for appellee.

HUMPHREYS, J. This suit for divorce was brought on the 28th day of February, 1940, by the appellant against appellee in the chancery court of Chicot county alleging as a ground therefor three years separation without cohabitation under Act 20 of the Acts of 1939 of the General Assembly of the State of Arkansas.

Each allegation of the complaint was denied by the duly appointed guardian *ad litum* of appellee, it appearing that she was insane.

Upon a trial of the cause the court found in accordance with the undisputed facts that appellee had been insane for a long time and had been confined in hospitals for the insane since May, 1924, with no hope of regaining her sanity; that while appellant had purposely and intentionally refused to see appellee for the past six years, largely on account of her pitiable condition caused by her mental disease, appellee had been guilty of no wrong; that, in fact, her condition had been such that she could commit no voluntary act or consent to anything.

Based upon this finding the trial court ruled that Act 20 of the Acts of the General Assembly of 1939 had

no application and dismissed appellant's complaint for the want of equity, from which decree of dismissal he has duly prosecuted an appeal to this court.

The 7th subdivision of Act No. 20 of the Acts of the General Assembly of 1939 is as follows: "Where either husband or wife have lived separate and apart from the other for three (3) consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony."

Our construction of the statute is that it assumes that the period of living apart without cohabitation for three years must have been the conscious act of both parties in order to entitle one of the parties to a divorce. The purpose and intent of the act was not to grant divorces on the ground of insanity of either party else it would have said so. There was a time in Arkansas when insanity was a ground for divorce, but that act was repealed prior to the passage of the act in question. We find nothing in the act which manifests an intention to make insanity a ground for divorce. To grant appellant a divorce under the Act of 1939 would, in effect, be to make insanity a ground for divorce. The act does not so provide. Section 92 of American Jurisprudence, Volume 17, title "Divorce," is as follows:

"The insanity of the defending spouse after marriage is not, in the absence of statute, ground for divorce. Nor does the absence of a spouse due to insanity and a consequent confinement in an asylum for lunatics, especially if such confinement is by the consent and direction of the other spouse, constitute such desertion as will afford a ground for divorce.

"Under a statute making the living separate and apart without any cohabitation for five consecutive years a ground for divorce, it has been held that the statute assumes that the living apart is the conscious act of the

parties, so that a divorce cannot be based upon an absence caused by the confinement of the absent spouse in an insane asylum.''

Since the undisputed evidence in this case shows that appellee was not capable of committing a conscious act during the period of separation, the trial court correctly dismissed appellant's complaint.

No error appearing, the decree is affirmed.