BOCKMAN *v.* BOCKMAN.

4-6854                                                 165 S. W. 2d 256

Opinion delivered November 2, 1942.

*A. D. Whitehead,* for appellant.

*J. M. Jackson,* for appellee.

HOLT, J.   December 6, 1941, appellee, James Bockman, filed suit for divorce in the Phillips chancery court. Separation without cohabitation for three years, in accordance with the seventh subdivision of § 2 of Act 20 of 1939, was the only ground for divorce alleged by appellee. Appellant answered, specifically denying separation within the meaning of the statute, and asked that appellee's complaint be dismissed for·want of equity, and for attorney's fees. From a decree granting appellee a divorce, comes this appeal.

It is undisputed that the parties here were married December 24, 1925, and lived together as husband and wife in the city of New York until May 30, 1937. A son, called Sandy, now about 14 years of age, was born to this union.

Mrs. Bockman testified that her husband, appellee, who is a physician, left New York for Arkansas May 30, 1937, with the understanding that if he were not permitted to practice medicine in Arkansas he would return to New York and enter some other business, but if per-

mitted to practice his profession in Arkansas he would send for appellant and his son, whom he had left in New York with appellant, just as soon as he had established himself. She further testified that she and the plaintiff corresponded and that it was her intention to follow him to Arkansas and live with appellee when he should send for her after becoming established. Mrs. Bockman was employed in New York City. Five letters which Mrs. Bockman received from appellee after he came to Arkansas were put in evidence as part of her testimony. These letters were written from West Helena, Arkansas, and dated August 24, 1939, January 10, 1940, June 24, 1940, July 6, 1940, and July 13, 1940, respectively. The letter of January 10, 1940, is as follows: "Dear Mary: Received your most welcome letter, sure I will try my utmost to pay anything of Sandys. Enclosed please find $50 money order, the best I can do at present (things are very slow at present). Say Mary send me some kind of a package containing some kind of good food and delicatesens (if you care to send it, send it special delivery). Boy, this food out here stinks on ice. Kiss Sandy for me, J. P.S. The reason for special delivery is there is no delay on this end," and the letter of July 13, 1940, is in this language: "Mary: You know why I joined the national guard (medical reserve) I am the only medical examiner in my county (Phillips). Because I have a chance to get nearer to North, under Army requirements. Some of the doctors have been notified, but I don't think my group has been notified for about 2 weeks. *Capt.* Coats is trying to get me a furlough. I will know within a week. Sandy is doing fine, and its a great pleasure for me to have him here. Jim."

November 22, 1940, Mrs. Bockman brought suit in the Phillips chancery court against appellee, her husband, for maintenance of herself and child. Appellee contested this suit, denying Mrs. Bockman's right to maintenance as prayed, and filed a cross-complaint for a divorce alleging separation of three years under the statute, *supra.* In that suit the trial court denied appellee, Bockman, a divorce from appellant on his cross-complaint, awarded the custody of the child to Mrs. Bockman and $80 per month maintenance. On appeal we affirmed the

decree of the lower court, denying a divorce to appellee, and after reducing the maintenance allowance from $80 to $30 per month, affirmed that part of the decree as so modified. See *Bockman* v. *Bockman,* 202 Ark. 585, 151 S. W. 2d 99.

In the instant case, appellee, Bockman, testified that he and appellant separated May 30, 1937, at which time she deserted him and has remained away from him since; that he has tried to induce her to come to Arkansas and live with him, but that she had consistently refused to do so, and that they have been separated for more than three years.

A young lady employed in the office of appellee testified that Mr. and Mrs. Bockman have not lived together for more than three years. It was the contention of appellee in the court below, and argued here on appeal, that he and the appellant have lived separate and apart for three consecutive years without cohabitation, and that, under the provisions of paragraph seven of § 2 of Act 20 of 1939, he is entitled to a divorce.

Appellant on the other hand contends, that on the evidence presented, she and appellee have not been separated for three years in such sense as would, within the terms of the statute, *supra,* entitle appellee to a divorce. The section of the statute, *supra,* involved here is in this language: "Where either husband or wife have lived separate and apart from the other for three consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony." In construing this section of the statute this court in the recent case of *Serio* v. *Serio,* 201 Ark. 11, 143 S. W. 2d 1097, said: "Our construction of the statute is that it assumes that the period of living apart without cohabitation for three years must have been the conscious act of both parties in order to entitle one of the parties to a divorce." Bouvier defines cohabi-

tation: "It does not necessarily mean living together under the same roof; a man may be absent on business, . . . and yet be cohabiting in the broader sense."

On the former appeal (*Bockman* v. *Bockman*, 202 Ark. 585, 151 S. W. 2d 99) we said: "Appellant assumes and argues that when he left for West Helena with the understanding that after he established, himself, appellee and his son would come to him, it constituted a separation as of date May 30, 1937, by mutual consent or voluntary act, and since they had not actually lived together for more than three years before he filed his cross-complaint, he was entitled to a divorce under § 7 of the act. This would be true if they separated as husband and wife voluntarily or by mutual consent or for any other reason, when he came to West Helena. According to the testimony of both of them there was no separation as husband and wife at that time. The relationship of husband and wife was to continue and did continue until all of a sudden he ceased to write to her. They regarded themselves as husband and wife until they ceased to correspond with each other. The record does not show when the separation as husband and wife began and that it had continued for three consecutive years from that date prior to filing his cross-complaint. He did not meet this burden and thereby bring himself within the terms of the act."

We think the preponderance of the testimony supports appellant's contention that there was no agreement, understanding or conscious, knowledge on the part of appellant, Mrs. Bockman, that she and her husband were separating within the meaning of the statute when he came to Arkansas in May, 1937, seeking a new location. Her testimony is positive that it was understood, and that her intention was to follow her husband to his new location after he became established and was ready for her to join him. The letters in evidence are of a friendly nature and are not sufficient to inform appellant of any intention in appellee's mind that he had separated from Mrs. Bockman within the meaning of the statute. While it is true that these parties have lived separate and apart for more than three years, we do not think the

legislature, when it enacted the statute in question, intended, under its terms, that all that was necessary to be shown by either party was that they had lived separate and apart for three years. We think the act requires proof not only that they had lived separate and apart for three years, but in addition that they lived separate and apart without cohabitation in its broader sense as defined by Bouvier, *supra,* and that the living separate and apart without cohabitation for three years, must have been with the understanding of both parties, or their conscious act.

It is our view that appellee has failed to make this showing and that the trial court erred in granting a divorce to him. For the error indicated the decree is reversed and the cause remanded with directions to dismiss appellee's complaint for want of equity, and that appellee pay appellant $50, attorney's fee, and to continue the payment of the monthly allowance of $30.

McHANEY, J., dissents.