WILDER *v.* WILDER.

4-7378                                      181 S. W. 2d 17

Opinion delivered June 12, 1944.

*Murphy & Wood,* for appellant.

*E. J. Wellons* and *Martin, Wootton & Martin,* for appellee.

Holt, J.   The parties to this suit are non-residents of Arkansas, residing in North Carolina.   Appellant, Mary Glover Wilder, is insane, and appears by her nephew, A. G. Glover, as next friend, he also being a non-resident.   February 21, 1940, a decree of divorce against appellant was granted appellee by the Garland Chancery Court upon constructive service.

November 16, 1943, appellant, by her next friend, A. G. Glover, filed a complaint in the same court in which the divorce decree was rendered, asking the court to set aside that decree on the ground that appellee, her husband, practiced a fraud on the court in securing the decree.   Among other things, she alleged that at the time the divorce decree was granted, she was insane and confined in the North Carolina State Hospital for the Insane at Raleigh, where she had been continuously confined since 1925; that she married appellee in 1901; that the divorce decree was granted on the ground that she ,and appellee had lived separate and apart without cohabitation for three consecutive years.   The allegations of fraud were: securing the divorce decree without having served appellant with process and failure on the part of appellee to inform the court that the alleged separation was not by the voluntary act of appellant, Mary Glover Wilder, she being, at the time, insane and in involuntary confinement.

Appellee obtained ''permission of the court to appear herein specially only for the purpose of filing a

motion to the jurisdiction of the court over the person of the plaintiff and of this defendant, and the legal capacity of the plaintiff to institute this action, and for no other purpose.''

The substance of appellee's allegations, in his motion, was that appellant, Mrs. Wilder, has always been a non-resident of Arkansas, and at all times mentioned in the motion was insane and confined in the North Carolina State Hospital for the Insane at Raleigh; that appellant has four sons residing near her in North Carolina, who are on intimate terms with her and appellee, and that she also has three brothers and two sisters residing near her, who are friendly with her; that A. G. Glover, her next friend, is a resident of North Carolina and her nephew, but that appellee does not believe that Glover is interested in Mrs. Wilder or her welfare; that Glover has shown ''an unfriendly and inhospitable attitude and relationship'' toward appellee and that his appearance as next friend of Mrs. Wilder is not based on friendship for her, but because of his hostility toward appellee; that appellee believes Glover instituted these proceedings without authority of Mrs. Wilder and that her children, as well as her brothers and sisters, are antagonistic to the present suit.

''Petitioner (appellee) further states that this court is without jurisdiction of this cause of action, for the reason that the plaintiff, Mary Glover Wilder, and the said A. G. Glover, as next friend, are non-residents of the State of Arkansas, and your petitioner, named as defendant therein, is a non-resident of the State of Arkansas, and that the court is without jurisdiction of either of said parties named as plaintiff and defendant in said action, and that the plaintiff, A. G. Glover, is without legal authority to institute the action in this jurisdiction, since the court does not have nor maintain jurisdiction over said parties; and further because the said A. G. Glover, as next friend, has not instituted said action in such capacity in good faith. Petitioner further states that under the laws of the State of Arkansas it is expressly provided that non-resident guardians are

authorized to institute actions on behalf of their wards in this state, and that thereby the said A. G. Glover as next friend is forbidden by the laws of this state to institute this action.''

Appellant responded to appellee's motion as follows: ''She admits that the plaintiff, Mary Glover Wilder, is a non-resident of the State of Arkansas, and is a resident of the State of North Carolina. She admits that she is and was at the time this action was instituted a patient at the State Hospital for the Insane at Raleigh, North Carolina. She admits that she is the mother of four adult children. She denies that all of her children are antagonistic to this action. She admits that her next friend, A. G. Glover, is a resident of the State of North Carolina and her nephew. The plaintiff denies each and every material allegation set out in the defendant's motion except those allegations which are expressly admitted herein. As a further response to the defendant's motion, she states that her children are under the duress and domination of the defendant. The said children threatened to institute proceedings to set aside the decree of divorce that was granted in favor of the defendant herein against this plaintiff, and the defendant influenced the children against taking such proceedings by conveying certain lands to them in the State of North Carolina and by threatening to disinherit them if they took sides with their mother, the plaintiff in this cause. A. G. Glover, who appears as next friend of the plaintiff, herein, states that he has appeared herein in good faith to protect the rights and interests of the plaintiff. If this court has any doubt as to his authority or as to his good faith, the said A. G. Glover offers to withdraw from this cause; and he states that Scott Wood, who has appeared as solicitor for the plaintiff in this cause, has made an investigation of the plaintiff's cause and has convinced himself that a fraud was practiced on this court in the granting of the divorce to the defendant against this plaintiff, and he is convinced that this court did not have jurisdiction to grant the said divorce, and the said Scott Wood, who is a resident of Garland county

in the State of Arkansas, and a solicitor practicing before the bar of this court, has offered to appear as next friend for the plaintiff if this court should desire to remove the said A. G. Glover as such next friend.''

December 15, 1943, the cause was submitted to the court and (quoting from the decree) there was a finding that ''Mary Glover Wilder, an insane person, and A. G. Glover, and the defendant, William J. Wilder, are non-residents of the State of Arkansas, and that the plaintiffs are without legal capacity to maintain this action to set aside the decree of this court duly entered herein in a cause wherein William J. Wilder is named as plaintiff and Mary Glover Wilder is named as defendant.'' and ''decreed that the motion of the defendant, William J. Wilder, be and the same is hereby sustained, and that the service of process which issued in this cause against said defendant be and the same is hereby quashed and held for naught. . . ; that the court does not have jurisdiction of the parties to this action,'' and dismissed the cause. This appeal followed.

Appellant challenges the correctness of the trial court's holding that it did not have jurisdiction for the reason that appellant, Mary Glover Wilder, and her nephew, A. G. Glover, who appeared as her next friend, were non-residents of Arkansas, that Glover could not maintain the action and that process be quashed. We agree with appellant that the court erred in so holding. It is alleged and not questioned that appellee's wife, Mary Glover Wilder, was a non-resident of Arkansas and insane when her husband, appellee, obtained the decree of divorce February 21, 1940, in the Garland chancery court. In fact, she had been confined in a North Carolina Hospital for the Insane since 1925.

Our statute (§ 1332 of Pope's Digest) provides: ''The action of a person judicially found to be of unsound mind must be brought by his guardian, or, if he has none, by his next friend. When brought by his next friend, the action is subject to the power of the court, in the same manner as the action of an infant so brought.''

Referring to this statute, this court in *Missouri State Life Insurance Company* v. *Holt*, 186 Ark. 672, 55 S. W. 2d 788, said: "When an action is brought by next friend, the action is subject to the power of the court in the same manner as the action of an infant so brought. 'It is the infant, and not the next friend, who is the real and proper party. The next friend by whom the suit is brought on behalf of the infant is neither technically nor substantially the party, but resembles an attorney or a guardian *ad litem* by whom a suit is brought or defended in behalf of another.' *St. L. I. M. & S. R. Co.* v. *Haist,* 71 Ark. 258, 72 S. W. 893, 100 Am. St. Ref. 65; *Morgan* v. *Potter,* 157 U. S. 195, 15 S. Ct. 590, 39 L. Ed. 670.''

Section 1327 of Pope's Digest provides: "Any person may bring the action of an infant as his next friend; but the court has power to dismiss it if it is not for the benefit of the infant." So, in the instant case, appellee's wife, Mary Glover Wilder, though insane, is the real and proper party and Glover, as next friend, is neither technically nor substantially the real party to the action. Certainly, we think Mrs. Wilder, though a non-resident, had the right to go into the same court in which a decree of divorce had been granted against her and attempt to show, after the lapse of the term, that a fraud had been practiced upon the court in procuring the decree, and if she possessed this right, certainly Glover, though a nonresident, representing not himself but Mrs. Wilder, the real and proper party, could properly act for her in bringing the suit in the same court in which appellee secured the decree, and on constructive service against appellee (non-resident) obtain his appearance. We find no provision in any statute to the contrary.

Appellant's action to set aside the divorce decree was brought under the provisions of § 8246 of Pope's Digest, which provides: "The court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order . . . Fourth. For

fraud practiced by the successful party in the obtaining of the judgment or order.''

If the allegation in her complaint that the decree was obtained on the ground provided in the seventh subdivision of our divorce statute (§ 4381 of Pope's Digest) which provides that a divorce ''may be obtained . . .. when the husband and wife have lived apart for three consecutive years without cohabitation, etc.,'' and the further allegation that appellee concealed from the court that his wife was insane at the time the decree was obtained and that the separation was not and could not have been the voluntary act of the wife, be true, then appellant would be entitled, under § 8246, *supra,* to the relief prayed.

Appellee was granted the divorce on a non-existing cause of action and which, under the law, would not and could not have been granted had the facts which were known to appellee been disclosed to the court when the decree was rendered. This constituted a fraud practiced upon the court in the procurement of the decree. See *Dodd v. Holden,* 205 Ark. 817, 171 S. W. 2d 948.

On February 21, 1940, when the decree of divorce was rendered, insanity was not a ground for divorce in this State. It was made a ground for divorce (an eighth ground) by the General Assembly by Act 428 of the 1943 session.

In construing the effect of the three-year separation provision, *supra,* which became the seventh ground for divorce in this state by Act 20 of the Acts of the General Assembly of 1939, we said in *Serio v. Serio,* 201 Ark. 11, 143 S. W. 2d 1097: ''Our construction of the statute is that it assumes that the period of living apart without cohabitation for three years must have been the conscious act of both parties in order to entitle one of the parties to a divorce. The purpose and intent of the act was not to grant divorces on the ground of insanity of either party else it would have said so. . . We find nothing in the act which manifests an intention to make insanity a ground for divorce.''

Having reached the conclusion that the trial court had jurisdiction of the cause, that Glover, as next friend of Mary Glover Wilder, had the right to maintain the action, and that the court erred in holding otherwise, the decree is reversed and the cause remanded with directions to proceed in conformity with this opinion.