LARSEN *v.* LARSEN.

4-7409                                        181 S. W. 2d 683

Opinion delivered July 3, 1944.

*Jeff R. Rice* and *Eugene Coffelt,* for appellant.

*B. B. Spencer* and *J. T. McGill,* for appellee.

HOLT, J. November 17, 1943, appellant sued appellee for divorce, alleging (1) indignities on the part of his wife, such as to render his condition intolerable, (the fifth ground for divorce, under § 4381 of Pope's Digest); (2) separation for three years without co-habitation; as provided in subdivision 7, § 2 of Act 20 of the General Assembly of 1939.

Upon a trial, January 22, 1944, at which both parties were present in person and represented by counsel, at the close of appellant's testimony, the court on its own motion dismissed appellant's complaint for want of equity. We quote from the decree as follows: "Upon oral testimony adduced in open court on behalf of plaintiff and at the close of plaintiff's evidence the court announced no further evidence would be heard, and that the complaint of plaintiff would be and was by the court dismissed for want of equity. . . . And it is further

ordered by the court that plaintiff pay to defendant the sum of $50 per month for her support, and . . . that plaintiff pay to B. B. Spencer, attorney for defendant the sum of $75 for attorney fees." This appeal followed.

On the trial, there was no evidence to support appellant's first allegation as to any indignities offered by appellee, and in fact, appellant does not so contend on this appeal. He does earnestly insist, however, that the court erred in refusing to grant him a divorce on his second ground, separation for three years without cohabitation.

As will be observed from the court's decree, *supra*, at the close of appellant's testimony, the court announced that no further evidence would be heard and dismissed appellant's complaint for want of equity. Appellee was given no opportunity to offer any testimony.

The three-year separation statute, *supra*, provides: "Where either husband or wife have lived separate and apart from the other for three (3) consecutive years, without co-habitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony." Under our construction of this section, we said in *Bockman* v. *Bockman*, 204 Ark. 891, 165 S. W. 2d 256, "that the living separate and apart without co-habitation for three years, must have been with the understanding of both parties, or their conscious act."

In the instant case, the record discloses that appellant came to Arkansas in May, 1939, and acquired a farm in Benton county on which he has since resided. It is conceded that appellant has been guilty of adultery after he left appellee in Iowa and moved to Arkansas. Appellee remained in Iowa and did not accompany appellant to Arkansas, and appellant testified that he had not seen appellee or written to her since the separation in May, 1939, when he left for Arkansas. Appellant's son testi-

fied that he had no knowledge, except by hearsay, as to the time of appellant's departure from Iowa, where he went, and who accompanied him.

The fact that appellant has been guilty of adultery would not alone be sufficient to preclude his right to divorce under the three-year statute, quoted *supra*. In the recent case of *Young* v. *Young, ante,* p. 36, 178 S. W. 2d 994, in construing the effect of this section of the statute, we said: "The Legislature has eliminated all consideration of which spouse is the guilty party, except in settling property and alimony rights. . . . In other words, recrimination is abolished as a defense under this three-year separation statute." So here, the trial court in settling and determining the property rights of the parties and appellee's alimony rights, must take into account appellant's adulterous conduct.

Since the cause appears not to have been fully developed, the decree must be reversed and the cause remanded, with directions to proceed in a manner consistent with this opinion. It is so ordered.

ROBINS, J., dissenting. I respectfully dissent from the majority opinion. The appellant, a sixty-seven year old man, testified, seemingly with a degree of pride, that after a career of promiscuous adultery in Iowa, his former home, he without any cause, deserted his wife, the mother of his five children, debauched the thirty-one-year old widow of his own dead son, and brought his young daughter-in-law, as his paramour, to Arkansas, where she gave birth to an illegitimate child of which appellant was the father. When this nauseous situation was shown by the admissions of appellant on the witness stand the chancellor, in my opinion, properly and righteously refused to hear appellant any further and dismissed his complaint for want of equity. The majority of the court in effect says that, instead of the evidence showing that appellant had no cause of action in equity, it showed that *prima facie* this degenerate is entitled, in a court of conscience, to be rewarded for his career of lust by being granted a divorce from his innocent wife. I cannot agree to such conclusion, and I do not believe that we should

hold that such a result was intended by the Legislature when it enacted the "three-year separation" statute. The authorities which, in my opinion, fully sustain this view are set forth in my dissenting opinion in the case of *Young* v. *Young, ante,* p. 36, 178 S. W. 2d 994.

The CHIEF JUSTICE concurs in this dissent.