WILDER *v.* WILDER.

4-7608                                        186 S. W. 2d 933

Opinion delivered April 16, 1945.

*Wootton & Land* and *E. J. Wellons,* for appellant.

*Murphy & Wood,* for appellee.

McHaney, J. On February 21, 1940, appellant was granted a decree of divorce from his wife, Mary Glover Wilder, on the ground they had lived separate and apart for three consecutive years without cohabitation. Section 4381 of Pope's Digest, subsection seven. On November 16, 1943, appellee, by A. G. Glover, her nephew and next friend, brought this action against appellant to cancel and set aside the divorce decree of February 21, 1940, on the ground, among others, that no process was ever served on her in the divorce action and that she had no notice of said suit against her. The jurisdiction of the court was questioned and the trial court dismissed the action on jurisdictional grounds. This court reversed. *Wilder* v. *Wilder*, 207 Ark. 414, 181 S. W. 2d 17.

On remand the trial court held that the defendant, appellee here, had not been served with process and set aside and cancelled the decree of February 21, 1940. This appeal followed.

It is undisputed that appellee is now and has been continuously since 1925 an inmate of the North Carolina State Hospital for the Insane at Raleigh, North Carolina. There was no service of summons upon her as provided by § 1371 of Pope's Digest, which is ''Where the defendant is a person judicially found to be of unsound mind, the service must be upon him and his guardian; if there is no guardian, upon his wife, or the person having the care of him, or with whom he lives, or the keeper of the asylum in which he may be confined.'' In this case the service ''must'' have been upon her and the keeper of the asylum, which was not done. The return of the officer serving the process is that ''I served a true copy of the attached summons and certified copy of the complaint on the defendant, Mary G. Wilder—by delivering a true copy—to Dr. J. W. Ashley, Supt. for Mary G. Wilder, and a true copy—[to] Dr. J. W. Ashley Superintendent of the State Hospital for the Insane at Raleigh, in which institution said defendant is confined—.'' There was, therefore, no summons served on Mary G. Wilder as the statute directs. So far as we have been able to find this court has never construed said § 1371, but we have, in a

number of cases, construed § 1370, relating to service upon infants and which section is quite similar to or substantially the same as § 1371. It is the rule in this court that there can be no valid decrée against an infant without personal service on the infant, even though he appears and defends by his guardian. *Haley et al.* v. *Taylor,* 39 Ark. 104. Nor can an attorney enter an infant's appearance and have a guardian *ad litem* appointed for him, as there can be no appointment of a guardian *ad litem* until after personal service. *Evans, Guardian,* v. *Davies, Admr.,* 39 Ark. 235; § 1330, Pope's Digest. The same holds true as to defense by insane persons. Section 1334, Pope's Digest. See, also, *Cannon* v. *Moore,* 83 Ark. 196, 104 S. W. 139; *Baker* v. *Boyd,* 196 Ark. 563, 119 S. W. 2d 524; *Hare* v. *Ft. Smith & Western Railway Co.,* 104 Ark. 187, 148 S. W. 1038. Appellee in her motion to set aside the decree, alleged a meritorious defense to the divorce action in that appellant had no ground of divorce under the three-year separation statute.

The record in this case does not show any order of the court appointing a guardian *ad litem,* although the complaint prayed such appointment and an answer was filed by C. D. Harmon, purporting to be the duly appointed guardian *ad litem.* If we assume that this is sufficient to show the appointment by the court, still there was no personal service on appellee, and there could be no valid appointment until after personal service. The decree of divorce of February 21, 1940, was, therefore, erroneous and would have been reversed if it had been appealed to this court. This is a direct attack on said decree brought under the authority of the fifth subdivision of § 8246 of Pope's Digest.

The court correctly set aside the decree for want of service and its judgment is accordingly affirmed.