FLOYD, GUARDIAN, v. ISBELL.

4-8175                                          201 S. W. 2d 755

Opinion delivered May 5, 1947.

*Northcutt & Northcutt* and *Oscar E. Ellis,* for appellant.

*P. C. Goodwin* and *Ponder & Ponder,* for appellee.

HOLT, J.   November 4, 1935, Hugh Isbell, appellee's husband, by appropriate proceedings, was declared mentally incompetent, and a guardian duly appointed. Shelby E. Floyd is the guardian in succession.

August 28, 1945, appellee, Fay Isbell, sued her husband for divorce.   The grounds alleged were cruel treatment, or indignities, § 4381, Pope's Digest, 5th subdivision.   Summons was served on the guardian of Hugh Isbell, Shelby E. Floyd, September 19, 1945.   September 7, 1945, Hugh Isbell executed a waiver of service and entry of appearance.   A decree of divorce was granted Fay Isbell January 16, 1946, and certain orders were made relative to property rights and the custody of a minor child.

On April 6, 1946, the present suit was filed by Lee Wells, as next friend of Hugh Isbell, to vacate and set aside the divorce decree, *supra,* of January 16, 1946, on the ground, among others, that no process was ever served on him (Hugh Isbell) in the divorce action and that the trial court was without jurisdiction to render the decree of divorce against him.   When the cause came on for trial the name of appellant, guardian, was substituted for that of Lee Wells as next friend.

From a decree denying appellant's prayer to vacate the divorce decree, this appeal is prosecuted.

Appellant earnestly insists that the trial court was without jurisdiction to render the divorce decree of January 16, 1946, for the reason that no process was ever served on Hugh Isbell. We think appellant's contention must be sustained.

It is undisputed that Hugh Isbell was declared mentally incompetent November 4, 1935, and was under guardianship at the time the divorce suit, *supra,* was filed in August, 1945, and the decree rendered January 16, 1946. It is also undisputed that no process was ever served on Hugh Isbell in the divorce action, *supra.* He did, however, execute a waiver and entry of appearance.

Section 1371 of Pope's Digest provides in part: ''Where the defendant is a person judicially found to be of unsound mind, the service must be upon him and upon his guardian; etc.'' This provision of the statute is mandatory that service ''must'' be both upon Hugh Isbell and his guardian. We so held in the recent case of *Wilder* v. *Wilder,* 208 Ark. 521, 186 S. W. 2d 933. There we said: ''So far as we have been able to find this court has never construed said § 1371, (Pope's Digest), but we have, in a number of cases, construed § 1370, relating to service upon infants and which section is quite similar to or substantially the same as § 1371. It is the rule in this court that there can be no valid decree against an infant without personal service on the infant, even though he appears and defends by his guardian. . . . The same holds true as to defense by insane persons.''

In 28 Amer. Jur., p. 743, § 112, the general rule is announced as follows: ''Where the insane person has been so adjudicated, and a guardian appointed for him, it is generally provided that service is to be made on both the committee or guardian and the incompetent.''

In this case, Hugh Isbell could neither acknowledge nor waive service of process upon him.

This was the effect of the holding of this court in *Moore* v. *Wilson,* 180 Ark. 41, 20 S. W. 2d 310. While the

court was dealing there with the service of process on an infant, the principle announced applies with equal force here where we are dealing with one who is mentally incompetent. In the Moore-Wilson case, we quoted with approval the rule announced in 14 R. C. L. 284, as follows: "An infant can neither acknowledge nor waive the regular service of process upon him, though in some instances a regular service of summons slightly irregular in form was held to be a substantial compliance with the statute, and sufficient to give jurisdiction. . . . It is held in most of the cases that the lack of service of (on) the infant is a fatal, because jurisdictional, defect, and cannot be cured by the appointment of a guardian *ad litem* and his making actual defense for the infant; and this ruling seems consistent with the lack of power on the part of the guardian to bind the infant by his admissions or stipulations."

Appellee's petition for reasonable attorney's fee and suit money is denied for the reason that the present action is not the kind of action contemplated under § 4388, Pope's Digest, as amended by Act 25 of the General Assembly of 1941, p. 54, which reads as follows: "During the pendency of an action for divorce or alimony, or during the pendency of an action involving the care and/or maintenance of the children, the court may allow the wife maintenance for herself and/or children, as the case may be, and a reasonable fee for her attorneys, and enforce the payment of the same by orders and execution and proceedings as in cases of contempt."

The present suit is not one for divorce, alimony or one involving the care or maintenance of children, but is an action to vacate a divorce decree, and is not governed by the quoted section of the statute.

Accordingly, the decree is reversed and the cause remanded with directions to vacate the divorce decree of January 16, 1946, and for further proceedings consistent with this opinion.