ALEXANDER *v.* ALEXANDER.

4-9139                                        229 S. W. 2d 234

Opinion delivered May 1, 1950.

*Walter L. Brown, J. V. Spencer* and *J. V. Spencer, Jr.,* for appellant.

*Abbott & Abbott,* for appellee.

MINOR W. MILLWEE, Justice.   The parties to this suit were married in 1938 and lived together in Union County, Arkansas, until October, 1947.   On February 13, 1948, appellant, Azzie Lee Alexander, filed a suit for divorce against appellee, Mack Alexander, in which she alleged: "That Plaintiff and Defendant have one child, a boy, Mack Alexander, Jr., age 8 years, adopted by Plaintiff and Defendant; that the child is afflicted with asthma and requires constant attention and care and expensive medical treatment, approximately $40 per month; that Plaintiff has had the sole care of the child and is a proper person to have its care and custody."

The answer and cross-complaint of appellee filed on January 15, 1949, stated: "The defendant admits that the plaintiff and the defendant have one adopted child, a boy, whose name is Mack Alexander, Jr., but the defendant denies that the medical bills of said child are approximately $40 per month."

The original cause was tried and a decree entered on April 13, 1949, awarding a divorce to appellant, Azzie

Lee Alexander, approving a property settlement made by the parties and dismissing appellee's cross-complaint. The decree also awarded appellant custody of the child, Mack Alexander, Jr., and ordered appellee to pay $75 per month for the child's support and maintenance. Appellee prayed and was granted an appeal from that part of the order directing payment of support money for the child, but the appeal was never perfected.

On May 31, 1949, after lapse of the term at which the decree was rendered, appellee filed the instant suit to modify the decree rendered on April 13, 1949, by setting aside the allowance of $75 per month for support of the child. The petition alleges: "Defendant states that until after the entry of said decree this defendant was led to believe by the plaintiff that said minor child had been adopted to the plaintiff and the defendant in the Juvenile Court of Caddo Parish, Shreveport, Louisiana; that the said minor child is a near relative of the plaintiff, being the son of the plaintiff's niece; that at the suggestion of the plaintiff, this defendant consented to the adoption of said child and thereafter left the entire matter in the hands of the plaintiff to complete said adoption; that this defendant understood from the plaintiff that the adoption had been completed and had not learned otherwise until after the decree was entered in this cause; that the defendant thereafter investigated the adoption proceedings and found that said minor child had never been adopted and that since the plaintiff and defendant were divorced, under the law of Louisiana, could not be adopted; this defendant thereupon filed a motion with the Juvenile Court of Caddo Parish, Louisiana, to dismiss said adoption proceedings, which was done by the court, a copy of which order is attached hereto, marked 'Exhibit A' and made a part of this petition.

"This defendant states that said minor child is not his child either by blood or adoption, and that this defendant is not under any legal obligation to support said child, although he will continue to do so voluntarily, according to his ability, in keeping with the station in life of said child."

The response of appellant interposed the plea of *res judicata* and alleged that the validity of the adoption proceedings was an issue in the original cause wherein appellee admitted in his pleadings and testimony that the child had been legally adopted.

At the hearing on the petition to modify the decree of April 13, 1949, appellee introduced the deposition of appellant in the original divorce action in which she testified that the child was legally adopted in Shreveport, Louisiana, in the latter part of 1939 or 1940; that the child was then 12 or 13 months old and was the son of her niece; that Shreveport attorneys were employed and that she, the appellee and the child's mother and grandmother appeared in the Louisiana court with the child.

Appellee testified at the hearing on his petition to modify that in 1942 the parties agreed to adopt the child; that appellant brought the child from Shreveport stating that he had been adopted; that about six months later, when the child's mother and grandmother objected to them having the child, appellee and appellant returned the child to its mother in Shreveport, Louisiana, after they conferred with Shreveport attorneys; that about six months later they were advised that they could have the child and appellant went to Shreveport where she paid the attorneys $25 and returned to El Dorado with the child, again stating that he had been adopted; that after rendition of the divorce decree he learned upon investigation that the adoption proceedings in Louisiana had not been completed and said proceedings were dismissed by the Louisiana court upon his motion on April 26, 1949. The parties stipulated that an investigation of the court records in Caddo Parish, Louisiana, made prior to the date of the original decree would have revealed the facts shown on the petition to modify.

After the hearing on the motion to modify, the chancellor found that the child had not been legally adopted by the parties; that, since the child was neither the natural nor adopted son of appellee, the latter was not liable for the child's support and the monthly allow-

ance of $75 was ordered vacated and set aside. This appeal follows.

In order to sustain the decree vacating the order of allowance for support of the child, appellee contends that his motion is based on the 4th Subdivision of Ark. Stats. (1947), § 29-506, which empowers the court to vacate or modify its judgment or order after expiration of the term "for fraud practiced by the successful party in the obtaining of the judgment or order." The rule which we have adopted and followed in many decisions involving suits to vacate or modify a decree under this subdivision of the statute is stated by Justice BUTLER in *Hendrickson v. Farmers' Bank & Trust Co.*, 189 Ark. 423, 73 S. W. 2d 725, as follows: "The fraud for which a decree will be canceled must consist in its procurement and not merely in the original cause of action. It is not sufficient to show that the court reached its conclusion upon false or incompetent evidence, or without any evidence at all, but it must be shown that some fraud or imposition was practiced upon the court in the procurement of the decree, and this must be something more than false or fraudulent acts or testimony the truth of which was, or might have been, in issue in the proceeding before the court which resulted in the decree assailed. *James v. Gibson*, 73 Ark. 440, 84 S. W. 485; *Johnson v. Johnson*, 169 Ark. 1151, 277 S. W. 535; *Boynton v. Ashabranner*, 75 Ark. 415, 88 S. W. 566, 1011, 91 S. W. 20."

The rule is similarly expressed in *Parker v. Sims*, 185 Ark. 1111, 51 S. W. 2d 517, where the court said: "The law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed. It must be a fraud practiced upon the court in the procurement of the judgment itself." See, also, *Turley v. Owen*, 188 Ark. 1067, 69 S. W. 2d 882; *Manning v. Manning, Executor*, 206 Ark. 425, 175 S. W. 2d 982; *Pattillo v. Toler*, 210 Ark. 231, 196 S. W. 2d 224.

In the leading case of *United States* v. *Throckmorton*, 98 U. S. 61, 25 L. Ed. 93, examples of acts which constitute extrinsic or collateral fraud are mentioned as follows: "Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,— these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. . . . On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed."

In *Dornfield* v. *Dornfield*, 192 N. Y. S. 497, 200 App. Div. 38, custody of the minor children of the marriage was awarded to the plaintiff in a divorce action. By leave of the court, plaintiff was allowed to append a motion for support of said minor children to the end of the divorce decree. At the hearing on the motion for support, the defendant introduced proof that the children of the plaintiff were illegitimate. The court held that the question of legitimacy was *res judicata* between the parties where it was alleged in the original complaint for divorce that the children were the issue of the marriage and the decree awarded care and custody of such issue to the plaintiff.

In the case of *Lowell's Estate* v. *Arnett*, 104 Col. 343, 90 Pac. 2d 957, the court held that a finding in a divorce decree that a minor child had been adopted by the parties was not subject to attack in a subsequent proceeding against the husband's estate to recover money claimed

to have accrued, under the divorce decree, for support and education of the child. The case of *Commonwealth* v. *Bednerak,* 62 Pa. Superior Ct. 118, involved a proceeding to revoke an order for the support of a child on the ground that the child mentioned in the original order was not the child of petitioner. In holding the matter *res judicata,* the court said: "It was a material inquiry in the original hearing whether Elizabeth was in the class 'children' as described in the Act of 1867; and that question having been decided by a court of competent jurisdiction it was not within the capacity of the Municipal Court to retry that issue."

The pleadings and testimony in the original divorce proceeding in the instant case clearly presented the issues as to whether the child in question was the adopted child of the parties and appellee's liability for the child's support. The complaint alleged the adoption of the child and the answer filed eleven months later admitted the truth of the allegation. The petition to modify the decree does not charge that appellant knowingly, corruptly or fraudulently misrepresented to appellee or the court that the child had been adopted and the proof does not warrant such conclusion. Appellant doubtless believed in good faith that the adoption proceedings instituted 7 or 8 years previously had been completed. However, if she knowingly and falsely testified at the original hearing such action would have amounted to intrinsic fraud and does not involve such extrinsic or collateral fraud as is required to modify or vacate the original decree. The burden was upon appellee in the original hearing to meet the issue of his liability for the child's support and he had ample time and opportunity to do so. There would be no end to litigation if he is permitted to retry the same issue in a subsequent proceeding when there is an absence of fraud practiced upon the court in the procurement of the original decree.

Appellee contends that the misrepresentation that the child had been adopted was in regard to a jurisdictional fact and that the court was, therefore, without jurisdiction to order appellee to support and maintain

the child in the original decree. In *Cassady* v. *Norris,* 118 Ark. 449, 177 S. W. 10, the court held that an allegation in a suit to sell land for the non-payment of taxes, that the owner of the land was unknown, made with knowledge of the falsity of the allegation, was not such extrinsic fraud as would authorize relief against the judgment, saying: ''But these allegations were not sufficient to constitute a fraud practiced by the successful party in obtaining the judgment. The allegation in the complaint in the suit to condemn, that the owner was unknown, was sufficient to give the court jurisdiction to proceed against the property. It was not a fraud on the court to make this allegation although it was untrue, for the court had the power to inquire into its jurisdiction and to determine whether or not it was true.'' So here, the allegation in the complaint that the child was adopted was sufficient to give the court jurisdiction to determine appellee's liability for the child's support and the court, having jurisdiction of the parties and the subject-matter, was fully empowered to determine the issues raised in the pleadings.

The case of *Wilder* v. *Wilder,* 207 Ark. 414, 181 S. W. 2d 17, relied on by appellee, involved a suit by a non-resident insane wife to set aside a divorce secured by her non-resident husband. One of the allegations of fraud was that the decree was secured without service of process upon the wife. Upon reversal in this court the trial court set aside the original decree because the wife had not been properly served with summons and we affirmed on the second appeal in *Wilder* v. *Wilder,* 208 Ark. 521, 186 S. W. 2d 933. Here appellant and appellee were before the court and represented by able counsel. Proof was taken on the issues which were fully determined without any fraudulent concealment of material facts.

We conclude that the learned chancellor erred in vacating the order of support made in the original decree. The decree appealed from is, therefore, reversed and the cause remanded with directions to dismiss appellee's petition to modify the decree of April 13, 1949.