L. O. MAKIN *v.* ETHEL ADINA MAKIN

5-4495                                   424 S. W. 2d 875

Opinion delivered March 11, 1968

*Curtis E. Rickard,* for appellant.

*Hall & Tucker* and *John F. Lovell Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. In 1965 the appellee obtained a divorce from the appellant. The decree awarded custody of the couple's four children to the appellee and directed the appellant to support the children by making weekly payments of $12.50 for each child during its minority.

In 1967 the appellant, upon his own initiative, began paying only half the amount fixed by the decree. In response to a citation requiring him to show cause why he should not be punished for contempt, the appellant filed a petition denying that he was the father of the two younger children and asking that the original decree be modified to relieve him from the duty of supporting those two children. This appeal is from an order which in effect sustained a demurrer to that petition, for its failure to state a cause of action, and dismissed it.

The court was right. The petition for a modification of the decree after the expiration of the term was based upon the wife's asserted fraud on the court. Ark. Stat. Ann. § 29-506 (4) (Repl. 1962). The petition stated that more than a year before the birth of the third child the husband underwent an operation for sterilization. Owing to the subsequent birth of two children he believed at first that the operation had failed. Shortly before filing his petition for modification of the decree he assertedly learned that the operation had really been successful, so that he could not have been the father of the two younger children. For that reason he asked to be relieved of their support.

The petition was demurrable. Actionable fraud on the court, under the statute, must relate to some extrinsic matter and must be something more than false or fraudulent acts or testimony relating to the original cause of action, the truth of which was or might have been in issue.

Several decisions on the point were reviewed in *Alexander* v. *Alexander*, 217 Ark. 230, 229 S. W. 2d 234

(1950), a case decidedly similar to this one. There the divorce decree directed the husband to support a child whom the couple had adopted. The details of obtaining the adoption order had been left to the wife. Later on the husband sought a modification of the support order, asserting a fraud on the court in that the adoption proceeding was void. The husband accordingly alleged that the child was not his either by blood or by adoption, so that he should be exempt from the burden of its support. We rejected that contention, holding that the petition for modification of the support order did not assert an actionable extrinsic fraud on the court. The principle of that decision governs the case at bar.

Affirmed.