

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–16–1118

| | |
|---|---|
| JAMES COLEMAN AND RHONDA COLEMAN<br><br>APPELLANTS<br><br>V.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST<br><br>APPELLEE | **Opinion Delivered:** May 24, 2017<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-15-124]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

James and Rhonda Coleman appeal the November 21, 2016 and November 30, 2016 Jefferson County Circuit Court orders denying their Arkansas Rule of Civil Procedure 60(c) motion for relief from judgment. We affirm.

In 2007, the Colemans executed a mortgage with Wells Fargo Bank N.A., for $252,350 on their Jefferson County property. The mortgage was later assigned, and reassigned, until the appellee (Wilmington) held it. On March 12, 2015, Wilmington filed a complaint against the Colemans alleging that they were in default on the mortgage. The Colemans answered and affirmatively pled the statute of limitations, stating that they had not made payments toward the mortgage since September 2009 and that Wilmington was thus time-barred from bringing suit in foreclosure.

Wilmington filed a motion for summary judgment and attached an affidavit of debt prepared by one of its asset managers. The affidavit provided that the last two payments toward the mortgage were made on March 29 and August 23, 2010, for $1524.44 and $1156.36, respectively. The Colemans replied and did not assert there was any dispute of material fact. They asked that the plaintiff's motion be decided "as a matter of law."

Ruling in favor of Wilmington's motion for summary judgment, the court entered a decree of foreclosure on April 11, 2016. The Colemans filed a motion for reconsideration on April 22, 2016. The trial court ruled on the motion for reconsideration in an order dated June 20, 2016, although it had been deemed denied almost a month prior, and the Colemans filed their first notice of appeal five days too late on June 27, 2016. [1]

On August 1, 2016, the Colemans filed a motion for relief from judgment pursuant to Arkansas Rule of Civil Procedure 60(c), alleging that (1) fraud had occurred and (2) their underlying meritorious defense was that Wilmington was time-barred from bringing the foreclosure action under the relevant statute of limitations. The Colemans alleged that the statements by the asset manager in the affidavit of debt were fraudulent because they had not made a payment toward the note since 2009. They included bank records and an affidavit of Rhonda Coleman in support of their allegations.

---

[1] *See* Ark. R. App. P.–Civ. 4(b)(1) ("However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.").

Even though the court had not yet ruled on their Rule 60 motion, the Colemans filed a second notice of appeal on September 26, 2016, asserting that their motion had been denied. On October 3, 2016, the Colemans filed a motion with our supreme court to supplement their record with the new documents and for a rule on clerk. The supreme court denied the motion to supplement and closed the Coleman's case, because (1) the first notice of appeal was not timely and (2) the second notice of appeal was premature.[2]

On November 21, 2016, the circuit court denied the Colemans' August Rule 60 motion, and the Colemans filed a motion for reconsideration a week later. The court denied that motion on November 30, 2016, finding that the August motion was "without merit and untimely." This appeal follows.

The narrow issue before this court today is whether the circuit court erred in denying the Colemans' Rule 60 motion alleging that Wilmington had committed fraud in obtaining the judgment of foreclosure against them.

Rule 60(c)(4) of the Arkansas Rules of Civil Procedure authorizes the trial court to modify or vacate an order, at any time, for fraud practiced by the successful party in obtaining the judgment. *First Nat'l Bank of Lawrence Cty. v. Higginbotham Funeral Serv., Inc.*, 36 Ark. App. 65, 68–69, 818 S.W.2d 583, 585 (1991). The fraud for which a decree will be canceled must consist in its procurement and not merely in the original cause of action. *Id.* The party seeking to set aside the judgment has the burden of showing that the judgment was obtained by fraud, and the charge of fraud must be sustained by clear, strong, and

---

[2]There is no deemed-denied provision in Rule 60. *See, e.g.*, *Office of Child Support Enf't v. Dickens*, 2009 Ark. App. 195, at 6, 300 S.W.3d 122, 125.

satisfactory proof. *Id.* We review a circuit court's denial of a motion to vacate for an abuse of discretion.

In Wilmington's affidavit of debt, the asset manager attested that he had reviewed the business and loan records, the Colemans had defaulted under the terms of the note and the mortgage, and "[t]he last two payments received from the [Colemans] were the amounts of $1524.44 on March 29, 2010 and $1156.36 on August 23, 2010."

The Colemans open their brief by asserting that "there is a dispute as to whether any payment was received after September 2009." They argue that the evidence the trial court relied on in its decision was insufficient because Wilmington never proffered any actual payment records and that there was nothing in the affidavit of debt "to show who or where those payments came from." They finally contend that the statements in the affidavit "were knowingly untrue" and that it was clear error for the circuit court to rely on the affidavit "without looking behind its obvious deficiencies."

Their arguments are not persuasive. Even assuming the affidavit of debt proffered by Wilmington was completely false, the appropriate time to make that argument was when Wilmington moved for summary judgment at the beginning of litigation. When a moving party has established a prima facie entitlement to summary judgment, it is up to the other party to meet proof with proof to demonstrate that there is still a material issue of fact to be litigated. *Marlar v. Daniel*, 368 Ark. 505, 507, 247 S.W.3d 473, 475 (2007).

Regarding Rule 60 motions to vacate for fraud, it is not sufficient to show that the court reached its conclusion on false or incompetent evidence, or without any evidence at all; instead, it must be shown that some fraud or imposition was practiced upon the court

in the procurement of the decree, and this must be something more than false or fraudulent acts or testimony the truth of which was, or might have been, an issue in the proceeding before the court that resulted in the decree assailed. *First Nat'l Bank of Lawrence Cty.*, 36 Ark. App. at 69, 818 S.W.2d at 585.

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

*Kearney Law Offices*, by: *Julius D. Kearney, Sr.*, for appellants.

*Wilson & Associates, P.L.L.C.*, by: *H. Keith Morrison*, for appellee.