SLIP OPINION

Cite as 2017 Ark. 258

# SUPREME COURT OF ARKANSAS

**No.** CV-17-477

| | |
|---|---|
| JAMES COLEMAN AND RHONDA COLEMAN | **Opinion Delivered:** September 21, 2017 |
| APPELLANTS | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-15-124] |
| V. | |
| WILMINGTON SAVINGS FUND SOCIETY FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLEY AS TRUSTEE OF THE PRIMESTAR-H FUND 1 TRUST | HONORABLE ROBERT H. WYATT, JR., JUDGE |
| APPELLEE | <u>DISSENT ON DENIAL OF PETITION FOR REVIEW</u>. |

**JOSEPHINE LINKER HART, Associate Justice**

I would grant appellants' petition asking this court to review the decision of the Arkansas Court of Appeals, *Coleman v. Wilmington Sav. Fund Soc'y, FSB*, 2017 Ark. App. 342, 522 S.W.3d 829. At issue is whether the circuit court erred in denying appellants' motion to set aside the decree of foreclosure under Rule 60(c)(4) of the Arkansas Rules of Civil Procedure for "misrepresentation or fraud (whether heretofore denominated intrinsic or extrinsic) by an adverse party." In support of its decision, the court of appeals cites *First National Bank of Lawrence County v. Higginbotham Funeral Service, Inc.*, 36 Ark. App. 65, 818 S.W.2d 583 (1991) and concludes that, "[e]ven assuming the affidavit of debt proffered by [appellee] was completely false, the appropriate time to make that argument was when [appellee] moved for summary judgment at the beginning of litigation." *Coleman*, 2017 Ark. App. 342, at 4, 522 S.W.3d at 831. Citing *First National Bank of Lawrence County*, the court of appeals further stated,

SLIP OPINION

> [I]t is not sufficient to show that the court reached its conclusion on false or incompetent evidence, or without any evidence at all; instead, it must be shown that some fraud or imposition was practiced upon the court in the procurement of the decree, and this must be something more than false or fraudulent acts or testimony the truth of which was, or might have been, an issue in the proceeding before the court that resulted in the decree assailed.

*Coleman*, 2017 Ark. App. 342, at 4–5, 522 S.W.3d at 831.

This conclusion, however, does not take into consideration changes in the law made by this court. The case relied on by the court of appeals, *First National Bank of Lawrence County*, was decided in 1991. That opinion, in turn, cites to *Alexander v. Alexander*, 217 Ark. 230, 229 S.W.2d 234 (1950). In *Alexander*, we stated that "the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed." *Alexander*, 217 Ark. at 234, 229 S.W.2d at 236. Our court held that knowingly and falsely testifying would have amounted to intrinsic fraud and did not involve the extrinsic fraud required to modify or vacate the judgment. *Alexander*, 217 Ark. at 236, 229 S.W.2d at 237. The language of *First National Bank of Lawrence County*, as well as the language from the decision of the court of appeals in the case at bar, echoes the holding of *Alexander* that intrinsic fraud cannot support the setting aside of a judgment.

However, in 2000, we amended Rule 60(c)(4) to include both intrinsic fraud and extrinsic fraud. Thus, in relying on *First National Bank of Lawrence County*, which, in turn, relied on *Alexander*, the court of appeals has failed to recognize that the law changed in 2000, and both intrinsic and extrinsic fraud can serve to set aside the judgment. Because the

court of appeals is plainly wrong and has resurrected a line of cases that has been rejected by

this court, I would grant review.