SIBLEY *v.* MANUFACTURERS FURNITURE COMPANY.

4-9724                                                    247 S. W. 2d 20

Opinion delivered March 17, 1952.

*Francis T. Donovan,* for appellant.

*Clark & Clark,* for appellee.

GEORGE ROSE SMITH, J. The appellant, R. W. Sibley, filed a complaint under Ark. Stats. 1947, § 29-506, to set aside for fraud a judgment obtained against him by Manufacturers' Furniture Company in 1942. The trial court sustained a demurrer to the complaint, and the only question presented to us is whether the complaint states a cause of action.

Sibley's complaint alleges that on May 23, 1938, he owed the furniture company $443.60. On that date the company accepted a check for $200 in full satisfaction of the account. This compromise was negotiated by a bank which was acting as Sibley's agent, and Sibley, without knowing that the debt had been discharged, was induced by the furniture company to give promissory notes for the account on August 17, 1938. The company brought suit on these notes in 1942, and Sibley, still unaware of the settlement, permitted judgment for $362.70 to be entered by default. The present complaint was filed in 1951 after the company instituted garnishment proceedings to collect its judgment.

·We agree that no cause of action is stated. While the complaint alleges that the procurement of the default judgment was a fraud upon the court, that is a conclusion of law not admitted by the demurrer. The facts conceded by the demurrer are that the company's claim was settled in 1938 and that without knowledge of the settlement Sibley executed the notes and failed to defend the suit. These facts establish at most a fraud in the company's cause of action on the notes rather than an extrinsic fraud in the procurement of the judgment. The cases defining this distinction were reviewed at

length in *Alexander* v. *Alexander*, 217 Ark. 230, 229 S. W. 2d 234, and need not be re-examined in detail. It is enough to say that litigation would never come to an end if the losing party were permitted to reopen the case after judgment merely to submit a defence that he neglected to offer in the first instance.

Affirmed.