CROSWELL *v.* LINDER.

5-1023                                          294 S. W. 2d 493

Opinion delivered October 29, 1956.

*A. D. Chavis,* for appellant.

*G. V. Head* and *William S. Arnold,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is a suit to vacate a decree rendered May 16, 1938 by the Chancery Court of Ashley County, Arkansas, foreclosing a mortgage executed by L. E. Croswell and wife to The Federal Land Bank of St. Louis.

Appellant, Harry Croswell, is an heir of L. E. Croswell who was mentally incompetent and confined in the State Hospital for Nervous Diseases at Little Rock, Arkansas on October 20, 1937, when the Federal Land Bank filed the foreclosure suit. L. E. Croswell died May 17, 1951, while still confined in the hospital and the instant suit to vacate the 1938 foreclosure decree was brought by appellant on December 9, 1953. Originally

appellees, A. James Linder and wife, present owners of the land in question, and Herbert Woods, a mortgage holder, were made party defendants. Linder and wife answered the complaint and filed a third party complaint against Frances Bankston and wife who had conveyed the land to the Linders. The Bankstons then answered and filed a third party complaint against the Federal Land Bank who had acquired the land at the foreclosure sale in 1938 and conveyed it to the Bankstons in 1941. Demurrers by the appellant to the third party complaints were sustained and the Bankstons and the Federal Land Bank were stricken from the proceedings as parties. Subsequently the Linders demurred to the complaint on the ground that the court was without jurisdiction since the necessary parties for determination of a motion to vacate were not before the court. The demurrer was overruled and the case proceeded to trial resulting in a decree dismissing appellant's complaint with prejudice.

Although appellant attacked the 1938 foreclosure decree on numerous grounds, the principal and controlling issue is the sufficiency of the service of process upon L. E. Croswell in that suit. The record discloses that L. E. Croswell was adjudicated mentally incompetent by the Ashley County Court on August 29, 1937, and so remained until his death in 1951. No regular guardian was ever appointed and he was confined in the State Hospital for Nervous Diseases in Pulaski County on October 27, 1937. On that date process in the foreclosure suit directed to the sheriff of Pulaski County was served by him upon "L. E. Croswell in person" and upon E. D. Fletcher, superintendent of said hospital.

Ark. Stats., Sec. 27-337, reads as follows:

*"Service on insane persons.* — Where the defendant is a person judicially found to be of unsound mind, the service must be upon him and upon his guardian; if there is no guardian, upon his wife, or the person having the care of him, or with whom he lives, or the keeper of the asylum in which he may be confined. *Provided,*

*when such defendant is confined in an institution for the
insane maintained by the State or Federal Government,
then he may be served by service of a copy of the process
upon the superintendent or keeper of such institution and
service upon his guardian if there be a guardian"* (Ital-
ics supplied). The proviso in italics was added to the
original statute by Act 140 of 1951. The section as quot-
ed, without the proviso, was in effect in 1937 when L. E.
Croswell was served with process.

Appellant contends no valid service could be had
upon an incompetent in 1937 unless made upon both
the incompetent in person and his regular guardian; and
that, if the incompetent defendant is outside the county
in which suit is brought, valid service cannot be had by
service upon him and also upon the asylum keeper. The
contentions are without merit. Under the statute in ef-
fect in 1937, service was necessary upon the incompetent
and upon his guardian, if he had a guardian. If no guard-
ian had been appointed, service was required upon the in-
competent and upon his wife, or the person having the care
of him, or with whom he lives, or the keeper of the asylum
in which he was confined. Since L. E. Croswell had no
guardian, the service upon him in person and upon the
superintendent of the State Hospital was in strict and
literal compliance with the requirements of the statute.
This is the effect of our holdings in *Wilder* v. *Wilder,*
208 Ark. 521, 186 S. W. 2d 933, and cases there cited.

Appellant also argues that the order appointing a
guardian *ad litem* in the 1937 foreclosure suit was void
because it was made prior to personal service upon the
incompetent defendant. It is true that, under Ark. Stats.,
Sec. 27-830, a guardian *ad litem* cannot properly be ap-
pointed until after personal service upon the incompe-
tent. However, the record here discloses that L. E. Cros-
well was personally served with process on October 27,
1937, and the order appointing the guardian *ad litem*
was entered February 23, 1938.

There are several reasons why the appellant cannot
prevail in his contention that the 1938 foreclosure decree
was obtained by fraud practiced by the Federal Land

Bank under the fourth subdivision of Ark. Stats., Sec. 29-506. While the complaint alleged that the bank fraudulently failed and refused to credit the mortgage debt with payments and other credits on behalf of L. E. Croswell, and that the bank and guardian *ad litem* concealed such matters from the court throughout the litigation, these allegations were not sustained by the proof. Even if the trial court's conclusion on the amount of the mortgage indebtedness in the original suit was reached on false or perjured testimony, that fact alone would not afford a sufficient basis for vacating the decree for fraud under the statute. As the court stated in *Parker* v. *Sims,* 185 Ark. 1111, 51 S. W. 2d 517: ''The law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed. It must be a fraud practiced upon the court in the procurement of the judgment itself.'' See also, *Alexander* v. *Alexander,* 217 Ark. 230, 229 S. W. 2d 234, and cases there cited.

The amount of the mortgage indebtedness was one of the issues involved in the 1938 foreclosure suit. Since the only fraud alleged in the instant suit related to the truth or falsity of the testimony adduced on this issue in the original action, it amounted to intrinsic fraud and not to such extrinsic fraud as is required to vacate a decree under the statute.

The record reflects that the court had jurisdiction of the person of L. E. Croswell and the subject matter of the 1938 foreclosure suit; and that a guardian *ad litem* was duly appointed who fully and competently represented the incompetent defendant in an action to which no meritorious defense has been shown. The decree dismissing appellant's complaint is, therefore, affirmed.