NEVIL C. WITHROW CO., INC. *v.* HEBER SPRINGS SCH. DIST.

5-1718                                              320 S. W. 2d 95

Opinion delivered January 12, 1959.

[Rehearing denied February 16, 1959]

*H. B. Stubblefield,* for appellant.

*Leon Reed,* for appellee.

SAM ROBINSON, Associate Justice. This is an appeal from a judgment of the Pulaski Circuit Court, Second Division, made and entered on the 28th day of May, 1958, setting aside a judgment entered on the 29th day of February, 1952. The complaint asking that the 1952 judgment be set aside was filed January 21, 1958. As a ground to set aside the 1952 judgment the complaint alleges that it was fraudulently obtained within the meaning of Ark. Stat. § 29-506. That statute provides that the trial court has authority to set aside a judgment after the expiration of the term "for fraud practiced by the successful party in the obtaining of the judgment or order".

In 1951 the appellant, Nevil C. Withrow Co., Inc., filed suit in the Pulaski Circuit Court naming Maryland Casualty Company, a resident of Pulaski County, and Heber Springs School District, a resident of Cleburne County, as defendants. Others, including Joe P. Melton,

trustee in bankruptcy for Baxter Miles, also were named as defendants, but only the defendant Maryland Casualty Company was a resident of Pulaski County. The Heber Springs School District was served with summons in Cleburne County on August 14, 1951. The school district filed no answer, nor did it enter its appearance in any manner. On February 29, 1952, Withrow took a default judgment against the school district. No judgment was taken against the Maryland Casualty Company. Withrow made no effort to collect the judgment until 1958. It was then that the school district filed this suit to set aside the 1952 judgment. After a hearing, the circuit court ordered that the 1952 judgment be set aside. Withrow has appealed.

There is only one issue: Did Withrow's action in procuring a judgment in Pulaski Circuit Court amount to a fraud within the meaning of Ark. Stat. § 29-506, subdivision (4)? If so, the 1958 judgment setting aside the 1952 judgment must be affirmed; otherwise reversed. In the circumstances of no judgment being obtained against Maryland Casualty Company, the local resident, if the school district had been present and objected to a judgment being rendered against it, the court would have sustained the objection. Ark. Stat. § 27-615; *Ark.-La. Gas Co.* v. *Tuggle,* 201 Ark. 416, 146 S. W. 2d 154. But, regardless of Withrow's right to a judgment against the school district in the first instance, it cannot be set aside in the present action unless Withrow practiced a fraud in obtaining the judgment. There is no issue in the case at bar of whether the school district waived the question of venue.

We fail to see how anything resembling fraud, actual or implied, occurred in this case. Withrow's 1951 complaint alleges that the school district was organized and operating in Cleburne County. There is no allegation in the complaint to lead anyone to believe that service could be had on the school district in Pulaski County. In fact, the 1952 judgment against the school district recites that the summons was served in Cleburne County.

Moreover, it appears that on September 24, 1951, the school district was notified by registered mail that Withrow would insist on a judgment. To sustain its position appellee relies heavily upon *Terry* v. *Plunkett-Jarrell Grocer Co., et al.,* 220 Ark. 3, 246 S. W. 2d 415, 29 A. L. R. 2d 1264, but the issue there was whether service should be quashed in the original suit, and it was held that certain parties in Saline County were not *bona fide* defendants, and for that reason the service obtained on Plunkett-Jarrell and others in Pulaski County should be quashed. Here, there was no motion to quash service or any objection to the judgment in the first instance. The case at bar is a separate suit to set aside a judgment on account of alleged fraud in obtaining it. Ark. Stat. § 29-508; *Clark* v. *Bowen,* 186 Ark. 931, 56 S. W. 2d 1032. In *Alexander* v. *Alexander,* 217 Ark. 230, 229 S. W. 2d 234, this Court said: "The law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, . . . It must be a fraud practiced upon the court in the procurement of the judgment itself."

Here it cannot be said that any fraud was practiced upon the court in obtaining the judgment. Everything was open and aboveboard. All the facts concerning the service of summons appeared on the face of the record.

Reversed and dismissed.