## HARDIN *v.* HARDIN.

5-3041

372 S. W. 2d 260

Opinion delivered November 18, 1963.

*Cecil Grooms,* for appellant.

*T. A. French,* for appellee.

PAUL WARD, Associate Justice. This appeal comes from an order dismissing appellant's petition to set aside a divorce decree on the ground that it was procured by fraud practiced on the court. The proceeding is unusual in that the divorce decree was granted to appellant on her own petition. The only record we have before us on appeal is appellant's petition (to set aside the divorce decree) and the order of dismissal.

On August 28, 1962 appellant (Cyntha Hardin) filed in chancery court her four page petition. In substance and in all essential parts the complaint contains the allegations set out below.

Appellant (Cyntha Hardin) was married to appellee (Claud Hardin) January 2, 1934; to this union five children were born; there were frequent quarrels and on September 25, 1945 appellee drove her away from home; she went to the home of her daughter (by a former marriage) to live; on October 6, 1945 the chancery court, on her own petition, granted her a divorce, giving custody of their children to appellee; during the latter part of October, 1945 she returned to appellee's home, with appellee's consent, to live and to look after the children; and she there lived with appellee as man and wife until February 15, 1960 when he ran her away from his home. In the petition appellant further states she did not learn, until January 1, 1962, that appellee perpetrated a fraud upon her and the court—which fraud (she alleges) caused her to secure the divorce. The perpetration of the fraud, she says, consisted of the following: With knowledge and the connivance of appellee a certain man came by where she was living on October 4, 1945, at about 7:30 p.m., for the alleged purpose of taking her to Rector to see her husband; that on the way this man stopped the car and forced her to get out to make love; that while they were "scuffling or wrestling" her husband (with his son-in-law) came by and saw them; that they took her to a lawyer in Rector where she signed a paper; that she thought the paper was to give a divorce to her husband but it was in fact a petition for her to secure a divorce from him. In the petition appellant says she is uneducated and did not understand what she signed, and that everything mentioned above was prearranged by appellee for the purpose of getting rid of her without having to give her a portion of her property.

In our opinion the trial court was correct in sustaining appellee's motion to dismiss the above petition. Appellant very properly admits that her petition was based

on Ark. Stat. Ann. § 29-506 (Repl. 1962). This section, in all parts pertinent to the facts in this case, provides:

"The court in which a judgment or final order has been rendered or made, shall have power, after the expiration of the term, to vacate or modify such judgment or order.

\*       \*       \*

"Fourth, For fraud practiced by the successful party in the obtaining of the judgment or order."

Few of our statutes have better withstood the test of time or have been more uniformly interpreted than the section above quoted. Without any change in wording it appears in the Civil Code (as § 571), Gantt's Digest (as § 3596), in Kirby's Digest (as § 4431), in Crawford & Moses' Digest (as § 6290), in Pope's Digest (as § 8246), and, of course, in Ark. Stat. Ann. as § 29-506. The statute has been considered by this Court with reference to each of the above designations, and each interpretation has been consistent and harmonious. In no case has it been construed in language with more clarity than in an opinion written by Justice Butler in *Hendrickson* v. *Farmers' Bank & Trust Company,* 189 Ark. 423, 73 S. W. 2d 725. It was there said:

"The fraud for which a decree will be cancelled must consist in its procurement and not merely in the original cause of action. It is not sufficient to show that the court reached its conclusion upon false or incompetent evidence, or without any evidence at all, but it must be shown that some fraud or imposition was practiced upon the court in the procurement of the decree, and this must be something more than false or fraudulent acts or testimony the truth of which was, or might have been, in issue in the proceeding before the court which resulted in the decree assailed. *James* v. *Gibson,* 73 Ark. 440, 84 S. W. 485; *Johnson* v. *Johnson,* 169 Ark. 1151, 277 S. W. 535; *Boynton* v. *Ashabranner,* 75 Ark. 415, 88 S. W. 566, 1011, 91 S. W. 20.''

The above quotation was adopted in an opinion written by the late Minor W. Millwee found in *Alexander* v.

*Alexander,* 217 Ark. 230, 229 S. W. 2d 234. In the case of *Parker* v. *Sims,* 185 Ark. 1111, 51 S. W. 2d 517, we said:

"The law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed."

The above quotation was adopted in *Jamieson* v. *Jamieson,* 223 Ark. 845, 268 S. W. 2d 881, and also in *Crosswell* v. *Linder,* 226 Ark. 853, 294 S. W. 2d 493. In the case of *Nevil C. Withrow Co., Inc.* v. *Heber Springs School District,* 229 Ark. 939, 320 S. W. 2d 95, we quoted with approval from the *Alexander* case, *supra,* the following:

" 'The law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, . . . It must be a fraud practiced upon the court in the procurement of the judgment itself.' "

We can find nothing in the petition in this case that could be construed under the above decision, as a fraud on the court. There is an allegation in the petition that ". . . the conduct of the defendant as above described constituted fraud practiced on this court in procuring the decree of divorce . . ." This statement relative to what constitutes fraud is a conclusion of law. In the case of *Sibley* v. *Manufacturers Furniture Co.,* 220 Ark. 234, 247 S. W. 2d 20, we said:

"While the complaint alleges that the procurement of the default judgment was a fraud upon the court, that is a conclusion of law not admitted by the demurrer."

As heretofore noted the alleged fraud (referred to in § 29-506) must be "extrinsic of [that is, apart from] the matter tried in the cause . . ." We find no such fraud here. The fraud or deception which appellant complains of seems to be: (a) she was trapped into a compromising position with the man who took her riding, and

(b) she thought she was signing a paper to give her husband a divorce when in fact it was to give her a divorce. Both situations were subject to explanation in a divorce proceeding and both were a part of the matter which was tried or could have been tried in the divorce suit. At no time does appellant say she did not know the divorce was granted when it was granted, and the petition clearly indicates she did know.

We are not free to give a liberal interpretation to the statute simply to try to correct what might be considered an injustice done appellant. One of the earliest cases to construe the statute which is now § 29-506 was *Izard County* v. *Huddleston,* 39 Ark. 107. In that case we said:

"The statute to vacate judgments by this proceeding is in derogation not only of the common law, but of the very important policy of holding judgments final after the close of the term. Citizens must have some confidence in the judgments of our judicial tribunals, as settlements of their controversies, and there should be some end to them. Unless a case be clearly within the spirit and policy of the act, the judgment should not be disturbed."

To the same effect see also *Weller* v. *Studebaker Bros. Mfg. Co.,* 93 Ark. 462, 471, 125 S. W. 129.

It follows from the above that the order of the trial court must be and it is hereby affirmed.

Affirmed.