BASKIN v. BASKIN.

5-3289                                      381 S. W. 2d 442

Opinion delivered June 1, 1964.
[Rehearing denied September 14, 1964.]

*Griffin Smith,* for appellant.

*Williams & Gardner,* for appellee.

JIM JOHNSON, Associate Justice. This is a suit to set aside a judgment. Appellant Ann Baskin obtained a judgment in Shelby County, Tennessee, Circuit Court against appellee William D. Baskin for $760.00 on September 20, 1963. A petition was filed in Perry Circuit Court, case No. 2202, on October 20, 1963, to reduce this judgment to an Arkansas judgment, with personal service on appellee on October 31, 1963. One day prior to the filing of case No. 2202, appellee Ora M. Baskin (William Baskin's mother) or October 29, 1963, filed suit No. 2201 against William Baskin in Perry Circuit Court for $12,-000.00 plus interest on a promissory note. October 30, 1963, William Baskin was served, filed an answer confessing judgment and judgment was entered against him that day for $16,200.00. On January 10, 1964, appellant filed a petition in case No. 2202 (her foreign judgment registration) alleging that the judgment obtained by Ora Baskin (in case No. 2201) was a fraud, that the debt did not exist, that the proceeding was a conspiracy to defeat appellant's rights under her judgment, and prayed that the judgment of Ora Baskin be set aside. Appellees waived service and appeared in person and by counsel at the hearing on February 1, 1964. The cause was submitted on the pleadings in both cases and testimony of appellees. The circuit court found that the petition should be denied, from which appellant has appealed.

For reversal appellant contends that the evidence clearly established that the purported obligation to Oro Baskin did not in fact exist, that the entire proceeding in case No. 2201 was a device to obstruct enforcement of appellant's Tennessee judgment and that the trial court erroneously concluded otherwise.

This is manifestly a collateral attack on the judgment of Ora Baskin. While the record strongly indicates

an insidious scheme to avoid payment of appellant's judgment, the evidence presented was not evidence of extrinsic fraud necessary to impeach the judgment. Extrinsic fraud has been described as fraud in securing the judgment, not fraud in securing the notes sued on, *Sibley* v. *Manufacturers Furniture Co.*, 220 Ark. 234, 247 S. W. 2d 20; nor the truth or falsity of testimony on the amount of a mortgage debt, *Croswell* v. *Linder*, 226 Ark. 853, 294 S. W. 2d 493; but the fraud to impeach a judgment must be extrinsic of the matter tried, it must be fraud practiced upon the court in the procurement of the judgment itself. *Turner* v. *Turner*, 221 Ark. 932, 257 S. W. 2d 271.

Affirmed.