Jo Ann McGINNIS *v.* Harry B. McGINNIS

CA 79-251                                          597 S.W. 2d 831

Court of Appeals of Arkansas
Opinion delivered March 26, 1980
Review Denied April 30, 1980
Released for publication April 30, 1980

*Catlett & Stubblefield,* for appellant.

*Gill & Johnson,* by Marion S. Gill, for appellee.

M. STEELE HAYS, Judge. This is a declaratory action to have the rights of the parties to a property settlement declared and adjudicated by the court and to have certain provisions of the property settlement agreement declared void because of its repugnance to the fee simple title of appellant.

The parties to this proceeding were divorced on July 31, 1975. They entered into a property settlement agreement, whereby appellant, Jo Ann McGinnis, received, among other things, 881.42 acres in Desha County. This agreement also provided for a lease to the husband on the same property, entitling him to exclusive possession and control of the land during his life. The agreement also provided:

> (1) This lease shall be for the term of Husband's life, and shall terminate on the 31st day of December of the year in which the Husband's death occurs, if not sooner terminated by Husband's as hereafter provided. The Husband shall have the right, by giving ninety (90) days advance written notice to Wife before the end of any calendar year. However, if Husband terminates this lease, he shall manage and supervise said land for Wife, at her request, and he will rent said land to the most qualified farmer obtainable and at the highest rent available.

On August 12, 1975, appellee conveyed the property in question by quitclaim deed. The granting clause stated that "I, Harry B. McGinnis, Grantor, . . . do hereby grant, convey, sell and quitclaim unto Jo Ann McGinnis, Grantee, and unto her heirs and assigns forever, all my right, title, interest and claim" in the property which is the subject of this law suit. The Habendum clause stated:

> To Have and to Hold the same unto the said grantee, and unto her heirs and assigns forever, with all appurtenances thereunto belonging.

On January 25, 1979, appellant brought this action to have the lease provision in the property settlement agreement declared void because she was not aware the provisions pertaining to the lease would "nullify" her right to sell the

property and that the execution of the agreement was wholly unfair, and was an imposition on her property rights.

The chancellor entered a decree in favor of appellee, stating that appellant failed to present substantial evidence in support of her complaint; and that the provisions of the lease agreement and the deed are not repugnant. Appellant appealed the decision of the chancellor.

Appellant's sole point for reversal is that the lease provisions of the property settlement agreement should be declared void, as being unconscionable and repugnant to the fee simple title of appellant.

We agree with the chancellor's decision and, therefore, uphold the decree. First of all, we should consider what type of leasehold was created by the agreement. This leasehold cannot be considered a tenancy for years because there is not adequate sufficiency as to the duration of the *term*. [See generally 49 Am. Jur. 2d *Landlord & Tenant* § 66 (1970)]. It has the primary characteristics of a tenancy at will. Generally speaking, a tenancy at will is characterized by uncertainty respecting the term and the right of *either* party to terminate it. At common law, when the lease was to be held at the will of the lessee it must also be held at the will of the lessor. In the instant case, the lease by an express provision, was terminable only by the appellee.

49 Am. Jur. 2d *Landlord & Tenant* § 75 (1970) states:

> There is authority in support of a broad rule of law that a lease or estate which is at the will of one of the parties is equally at the will of the other party, and that one of them is no more or no further bound than the other . . .
> On the other hand, there is authority to the effect that in such a case the lessor may bind himself by such an agreement so that he cannot maintain an action at law for possession. Against such an action at law, equitable relief can be obtained, and in jurisdictions in which equitable defenses are allowed in actions at law, it would seem that there would be a good defense to the lessor's action for possession in such a case.

Similarly, in Underhill, *Landlord & Tenant,* page 373 (1909), the following rule of law was pronounced:

> A lease which is determinable only at the option of the lessee and which, consequently, may continue with his consent and against a protest of the lessor is valid . . . Such leases as this are not open to the objection that they are without consideration on the part of the lessee as to the period during which he elects to remain. The rent received by the lessor during the period is the consideration for the promise of the lessor to permit the lessee to remain in possession. These leases are somewhat in the nature of leases at will, and the time or period during which the lessee may continue need not be fixed but may be wholly at his option.

Hence, in *Calkins* v. *Pierce,* 172 Me. 474, 92 A. 529 (1914), lessor leased her homestead to lessee for her lifetime, on condition that lessee take care of lessor for as long as she lived. Lessor later brought an action to recover possession of the homestead. The trial court found in favor of lessor-plaintiff, stating that such an instrument purported to create a life estate and it, being a freehold, must be conveyed by deed. The Supreme Judicial Court of Maine reversed the ruling of the trial court, stating that in the absence of fraud, the agreement was still binding. The court further stated that such a lease of land for life in consideration of lessor on the premise that the life estate was not conveyed "under seal." Where the lessee has not breached the contract, the lease operates to estop the lessor from repudiating the agreement:

> Although the agreement did not convey a life estate, yet it was a valid agreement between the parties, and conveyed to the defendant an estate in the land, determinable only by death or at the will of the defendant.

In the instant case, appellee had a present subsisting interest in the property based on adequate consideration. Appellee had stated that he would not consent to a divorce unless he could farm the land in question. He had been farming the land, paying part of the mortgage and taxes, and paying the rent pursuant to the agreement. We believe

appellant is estopped from denying the validity of the lease. See *Newsome* v. *Meade,* 102 W. Va. 489, 135 S.E. 604 (1926). Nor can we agree with appellant that her power to sell her interest is "completely nullified by the lease." True, the lease no doubt reduces the prospects of a sale at full market value, however, we are not able to conclude that 881 acres of valuable farm land in Desha County, producing substantial annual income and which will at some future date become unencumbered as to fee title, cannot be sold.

Finally, the lease provision was part of an acknowledged property settlement agreement pursuant to a divorce proceeding and the decree of divorce approved and confirmed the settlement in its entirety and incorporated it into the decree by reference. Moreover, appellant's quitclaim deed was executed pursuant to an express provision of the property settlement agreement and, consequently, subject to the lease. Agreements of this type are highly favored under the law and in the absence of fraud, should not be modified by judicial action. *Godwin* v. *Godwin,* 231 Ark. 951, 333 S.W. 2d 493 (1960); *Tennison* v. *Tennison,* 216 Ark. 748, 227 S.W. 2d 138 (1950). Appellant was at all times represented by counsel during the divorce proceedings. She cannot now be allowed to strike part of the property settlement agreement when she has no equitable or legal basis for doing so, at the same time retaining the benefits thereof.

Affirmed.