Daniel HELMS *v.* Brenda HELMS

93-1401                                        875 S.W.2d 849

Supreme Court of Arkansas
Opinion delivered May 23, 1994

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Everett O. Martindale*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Daniel Helms, appeals a Pulaski Chancery decision in favor of appellee, Brenda Helms. Appellee employed her attorney to draw up the property settlement agreement (hereinafter "the agreement"). Appellant paid the attorney $230.00 towards appellee's attorney's fees and court costs pursuant to an understanding between appellant and appellee and as outlined in the agreement drafted. Appellant subsequently decided, after signing the agreement that had been drafted by the attorney, that it was detrimental to him. Appellant moved to have the attorney withdrawn and to set aside the agreement. After hearing testimony on the matter, the chancellor denied appellant's motions, and this appeal followed. We note that this court affirms the factual findings of the chancellor unless they are clearly erroneous. *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986). We find no merit in appellant's arguments and thus affirm.

Appellant's first argument is that the chancellor erred in not requiring the attorney to withdraw as the result of an alleged conflict of interest after appellant decided the divorce became contested, citing the Model Rules of Professional Conduct 2.2(c). That rule concerns the circumstances under which an attorney may represent more than one client and when the attorney must withdraw as intermediary. In the instant case, however, there was no attorney-client relationship between appellant and the attorney. The only contact appellant had with appellee's attorney was by sending him a check for part of appellee's attorney's fees and by returning the executed agreement after appellee gave it to him. There was never any consultation at all between appellant and appellee's attorney, either requested or demanded by anyone involved. The agreement reflects that appellant paid $230.00 in payment of one-half the attorney's fees and costs. An attorney should avoid even the appearance of impropriety, but here there was none. Appellant's argument on this point is without merit.

Appellant's second argument is that the chancellor erred in denying his motion to set aside the property settlement agree-

ment on the grounds of unconscionability and equity. Appellant and appellee were in the business of operating barber shops in several locations on the Air Force Base in Jacksonville. Appellant submits that the agreement is unconscionable because of two of its provisions. Appellant states that the property settlement agreement requires him to give up all rights to operate a specific barber shop and that he can never bid for the contract to operate this barber shop against his ex-wife. Another provision in the agreement indefinitely grants each party one-half interest in another barber shop on the base and grants appellee one-half of the profits regardless of whether she works at that particular barber shop.

Appellant's argument must fail. The agreement states that each party consulted with their attorney. It is signed and notarized on behalf of each party. In fact, the person who notarized appellant's signature on the agreement is now appellant's attorney on appeal. Appellant admitted no one pressured him to sign the agreement, and he even discussed the agreement with his attorney on appeal prior to executing it. In the absence of fraudulent inducement in executing an integrated property settlement agreement, a divorce decree may not be judicially modified. *Collie* v. *Collie*, 242 Ark. 297, 413 S.W.2d 42 (1967). This agreement was incorporated into the decree and approved by the chancellor. The fact that appellant entered into an agreement which later appeared improvident to him is no ground for relief, *Armstrong* v. *Armstrong*, 248 Ark. 835, 454 S.W.2d 660 (1970), and it may not now be modified.

Affirmed.