Troy LAROE *v.* Linda LAROE

CA 94-212                                    893 S.W.2d 344

Court of Appeals of Arkansas
Division I
Opinion delivered February 22, 1995

*David H. McCormick*, for appellant.

*Bullock & Van Kleef*, by: *John D. Van Kleef*, for appellee.

JUDITH ROGERS, Judge. This case results from a judgment of the Yell County Chancery Court that awarded appellee $8,115.00 in child support arrearages. Appellant argues that the chancellor erred in not applying Ark. Code Ann. § 9-14-237 to the facts of this case and in not finding appellee was barred by laches and the doctrine of unclean hands from seeking judgment. We find no error and affirm.

Appellant, Troy Laroe, and appellee, Linda Laroe, were divorced by a decree dated 1980. Appellee was awarded custody of the parties' four minor children, and appellant was ordered to pay child support at the rate of $55.00 per week. In May 1993,

appellee petitioned the chancery court to hold appellant in contempt for his failure to pay support in the amount of $28,860.00 for the years 1984 through 1993. Appellee filed a second petition, which requested that the delinquent child support be reduced to judgment. Appellant answered, denying that he was delinquent in the amount sought by appellee and raised the statute of limitations, estoppel, and unclean hands as defenses to appellee's petition. Appellant also requested that his duty to pay support be terminated, alleging that the parties' children had reached the age of majority.

After a hearing on the parties' petition, the chancellor awarded appellee judgment in the amount of $8,115.00 for past due child support and attorney's fees of $800.00. In awarding appellee judgment, the chancellor held that appellee was barred from collecting any delinquent child support that accrued prior to May 12, 1988, because of the applicable five-year statute of limitation, and that appellant's duty to pay support terminated on May 29, 1991, when the parties' youngest child graduated from high school. The chancellor concluded that appellant owed support from May 12, 1988, to May 29, 1991, which computed to a three-year, two-week period, and multiplied this period times the rate of $55.00 per week to arrive at a total delinquency of $8,690.00. The chancellor reduced this amount by $575.00 based on payments he found that appellant had made outside the registry of the court during this period.

Appellant first contends the chancellor erred in not applying Ark. Code Ann. § 9-14-237 (Repl. 1993) to the facts of the case. This statute basically provides that an obligor's duty to pay child support for a child automatically terminates by operation of law when the child reaches eighteen years of age. Appellant contends that, if the court had followed this procedure as required by this statute, his arrearages would have been only $4,251.00.

■■ We find no merit to this argument. Appellee filed her petition on May 11, 1993; § 9-14-237 did not become effective until August 13, 1993, and therefore was not applicable to this case. Moreover, even if it had been applicable, appellant would not have been allowed to adjust his child support as each child reached majority. Section 9-14-237(b)(1) and (2) provide:

(b)(1) If the obligor has additional child support obligations after the duty to pay support for a child terminates, the court shall reassess the remaining obligations using the family support chart pursuant to § 9-12-312(a)(2).

(2) In the event a review is requested, the court shall apply the family support chart for the remaining number of children from the date of the termination of the duty, subject to any changed circumstances, which shall be noted in writing by the court.

Appellant at no time petitioned the court to reduce his child support obligation until appellee sought judgment for the accrued arrearage. Arkansas Code Annotated § 9-14-234 (Repl. 1993) prohibits the modification of child support orders which retroactively affect the time period before the petition for modification was filed and proper notice given to the opposing party. *Grable* v. *Grable*, 307 Ark. at 414; *see also Burnett* v. *Burnett*, 313 Ark. 599, 604, 855 S.W.2d 952 (1993).

■■ We also disagree with appellant's argument that the chancellor erred in giving appellee judgment for accrued child support through May 1991. He contends that the parties stipulated that their youngest child, Larry, graduated at the age of eighteen in 1990. At trial, however, appellee testified that one correction needed to be made to the parties' stipulation, which was that Larry graduated in 1991 and not 1990 as shown on the stipulation. Appellant has not abstracted anything showing that he objected to this correction being made at the hearing, nor did he dispute the statement that Larry graduated in May 1991. The chancellor found that the parties' youngest child graduated high school in May 1991, and we cannot say his finding in this regard is clearly erroneous. The appellate court affirms factual findings of the chancellor unless they are clearly erroneous. *Helms* v. *Helms*, 317 Ark. 143, 144, 875 S.W.2d 849 (1994).

For his second point, appellant contends the chancellor should have held that appellee's claim to child support arrearages were barred by laches and the doctrine of unclean hands. In support of his laches defense, appellant claims that he was prejudiced by appellee's delay in seeking judgment for child support arrearage because he no longer has the records to show the child support payments he made outside the registry of the court.

■   We first note that, although appellee sought judgment for child support arrearage since 1984, the chancellor barred her claim to support before May 1988. Appellee has not cross-appealed this holding; therefore, we need not address it except to dispute appellant's argument that the time-frame included ten years. Furthermore, the supreme court has held that the mere fact that the appellant delayed eleven years in pursuing her right to obtain judgment for child support arrearage will not defeat her right to accrued support. *See Cunningham* v. *Cunningham*, 297 Ark. 377, 379, 761 S.W.2d 941 (1988).

■ ■   Appellant also claims the court should have denied appellee judgment under the "clean hands doctrine" because her former husband claimed the parties' children as dependents for obtaining social security benefits. The purpose of invoking the clean hands doctrine is to protect the interest of the public on grounds of public policy and for the protection of the integrity of the court; consequently, application of the doctrine depends on the chancellor's discretion as to whether the interests of equity and justice require application of the doctrine. *Grable* v. *Grable*, 307 Ark. at 415-16. As in *Grable*, here, the chancellor was in a better position to determine the facts and weigh the parties' competing interests. Appellant has not produced any evidence to show that the chancellor abused his discretion in declining to estop appellee from seeking judgment for the child support arrearage.

Accordingly, the judgment is affirmed.

ROBBINS and MAYFIELD, JJ., agree.