OFFICE of CHILD SUPPORT ENFORCEMENT *v.*
Frank LAWRENCE

CA 96-962                                    944 S.W.2d 566

Court of Appeals of Arkansas
Division IV
Opinion delivered May 21, 1997

*Owen, Farnell & Garner*, by: *Ray Owen, Jr.*, for appellant.

*Charlie L. Rudd*, for appellee.

OLLY NEAL, Judge. The Garland County Office of Child Support Enforcement appeals an order entered by the Chancery Court of Garland County denying its petition to require the appellee, Frank Lawrence, to pay child support. For reversal of the chancellor's order, the appellant argues that the decision of the chancery court is contrary to the law and public policy of the State of Arkansas. We affirm.

The facts in the record indicate that appellee and Kimberly Lawrence were married on September 9, 1987. Prior to the parties' marriage, Kimberly Lawrence had given birth to one daughter, Erica, who is not the appellee's biological child. Appellee adopted Erica in February 1990. Subsequent to appellee's adoption of Erica, Kimberly Lawrence commenced an action to obtain a divorce from appellee. In October, 1990, appellee executed an instrument entitled relinquishment and termination of parent-child relationship. On November 13, 1990, the chancellor entered a divorce decree in which the court approved and incorporated the property settlement and the termination of the parent-child relationship.

In August, 1993, Kimberly Lawrence applied for and received AFDC benefits on behalf of Erica. Kimberly Lawrence received benefits for the minor child from August 10, 1993, through January 1, 1994. On September 7, 1995, appellant filed a petition requesting that the court order appellee to pay child support, and for a judgment against him in an amount equal to the benefits received by Kimberly Lawrence on behalf of the minor child. In his final order on the matter, the chancellor denied appellant's petition for child support.

On appeal, appellant argues that the lower court's order is contrary to the law and public policy of the State of Arkansas. Appellant argues that the chancellor was without jurisdiction to grant the relinquishment and termination of parent-child relationship because it was filed in a divorce case, instead of a probate or juvenile proceeding. Appellant is correct in that the authority to terminate parental rights is specifically granted to the juvenile and probate courts. *See* Ark. Code Ann. §§ 9-9-220, 9-27-341 (1987). However, in the context of a divorce, where child custody is at issue, the chancellor is vested with broad discretion to make decisions that are in the best interests of the minor child. *See* Ark. Code Ann. § 9-13-101 (1987).

The record reflects that Kimberly Lawrence filed for divorce from appellee some two months after appellee had adopted Erica. Ms. Lawrence, who worked as a legal secretary at the time of the divorce, assisted in drafting the paperwork. At the hearing on the

divorce petition, Ms. Lawrence testified that she was a victim of physical abuse inflicted upon her by appellee, that Erica was present on each occasion she suffered physical abuse, and that on one occasion appellee threatened her with a gun. Ms. Lawrence testified that it was her belief that the termination of the parent-child relationship was in the best interest of the minor child, because she did not want appellee to be able to exercise visitation with Erica. Upon hearing Ms. Lawrence's testimony, the chancellor inquired as to whether she could support the child without appellee's assistance. Ms. Lawrence assured the chancellor that she could provide for Erica without appellee's assistance, and that she would work two jobs if necessary. The chancellor also inquired as to whether Ms. Lawrence was aware that termination of the parent-child relationship precluded Erica from inheriting from appellee, and from receiving any benefits she would be entitled to as his child. Ms. Lawrence assured the chancellor that she was aware of the consequences of terminating the parent-child relationship, and that she had made plans to execute a will in which she would appoint a guardian for Erica in the event of her death.

Appellant cites *Davis v. Office of Child Support Enforcement*, 322 Ark. 352, 908 S.W.2d 649 (1995), in support of its argument that it was error for the chancellor to order termination of the parent-child relationship. In *Davis*, the supreme court stated:

> It has long been the law in Arkansas that the interests of a minor cannot be compromised by a guardian without approval by the court. *Rankin v. Schofield*, 71 Ark. 168, 66 S.W. 197 (1902). It is not sufficient that a court be made aware of a compromise agreement and that it is agreeable to the guardian; rather, the court must make a judicial act of investigation into the merits of the compromise and into its benefits to the minor. *Kuykendall v. Zachary*, 179 Ark. 478, 16 S.W. 590 (1929).

*Id.* at 355, 908 S.W.2d at 651.

In the instant case, the required judicial act of investigation into the merits of the compromise and the benefits to the minor child was performed. The law and public policy of the State of Arkansas require that the best interests of the child are of paramount importance in determining issues relative to child custody and support. Indeed, in reviewing Mrs. Lawrence's testi-

mony, it becomes evident that the underlying rationale behind requesting the termination of the parent-child relationship and her plans to draft a will that would make provisions for Erica's custody upon her death, was that she believed it to be in the best interest of the minor child to have no further contact with appellee.

We note that at the time of appellee's execution of the petition to terminate the parent-child relationship there was no statutory requirement that the parent purporting to relinquish parental rights remain obligated to pay child support until the child is adopted. *See* Ark. Code Ann. § 9-9-220 (1987). However, the 1995 amendment made it clear that the duty to support continues, despite the relinquishment of parental rights, until an interlocutory decree of adoption is entered. *See* Ark. Code Ann. § 9-9-220 (Supp. 1995).

We review chancery cases de novo, giving due deference to the chancellor's superior ability to judge the demeanor and credibility of witnesses and reverse only if the chancellor's findings are clearly erroneous. *Laroe v. Laroe*, 48 Ark. App. 192, 893 S.W.2d 344 (1995). Because, at the time of appellee's execution of the relinquishment of parental rights, the law did not provide that a parent had a continuing duty of support until the entry of an interlocutory decree of adoption, we hold that it was not error for the chancellor to deny the appellant's petition for child support from appellee.

Affirmed.

GRIFFEN and CRABTREE, JJ., agree.