Judith M. MOW *v.* William S. MOW

CA 98-1191 990 S.W.2d 578

Court of Appeals of Arkansas
Division I
Opinion delivered May 26, 1999

*David W. Talley Jr.*, for appellant.

*Kinard, Crane & Butler, P.A.*, by: *Mike Kinard*, for appellee.

ANDREE LAYTON ROAF, Judge. Judith M. Mow (Mrs. Mow) appeals an order by the Columbia County Chancery Court granting judgment on the pleadings to appellee William S. Mow (Mr. Mow) and dismissing with prejudice her motion to modify the parties' divorce decree. Her motion was filed ninety-one days after the entry of the final decree and sought relief pursuant to the provisions of Rule 60 of the Arkansas Rules of Civil Procedure. On appeal, Mrs. Mow argues that the chancellor's decision was clearly erroneous because she pleaded facts relating to fraud practiced by her ex-husband that met the standard of proof required by Rule 60(c)(4) of the Arkansas Rules of Civil Procedure. We agree that the chancellor properly denied Mrs. Mow the relief she sought, but for a different reason than stated by the chancellor, and we affirm.

The Mows married on June 25, 1991, and separated on March 30, 1997. Mr. Mow filed a petition for divorce on March 31, 1997, and that same day, Mrs. Mow, who was not represented by counsel, waived service and appearance, and consented to a property-settlement agreement. A divorce decree that incorporated by reference the property settlement agreement and contained a permanent injunction against harassment by the respective parties was filed for record on May 7, 1997. On July 27, 1997, Mr. Mow petitioned the court to enforce the restraining order. Mrs. Mow filed her response on August 6, 1997, ninety-one days after the entry of the decree, and that same day, in a separate pleading, moved to modify the divorce decree. In that motion she alleged that in the execution of the property settlement agreement she was not represented by legal counsel, was suffering with depression and alcoholism for which she had been hospitalized, had been locked out of the marital residence, and had been required by Mr. Mow to go to his attorney's office under a threat that her child from a previous marriage would be taken away from her permanently. She also alleged that Mr. Mow represented to her that the proposed settlement was a fair division of the assets of the marriage, but that she later determined that she did not receive an equal share. In his response to Mrs. Mow's motion, Mr. Mow denied the allegations of fraud and overreaching and prayed that the motion be dismissed for want of equity and merit and, in the alternative, for failure to state a claim upon which relief could be granted pursuant to Rules 12(b) and 9(b) of the Arkansas Rules of Civil Procedure.

After discovery, in which Mrs. Mow did not materially add to the body of facts relating to the allegations of fraud and over-reaching, Mr. Mow moved for judgment on the pleadings, pursuant to Rule 12(c) of the Arkansas Rules of Civil Procedure, and his motion was granted. The trial court found that Mrs. Mow failed to plead sufficient facts that Mr. Mow practiced the kind of fraud that would allow the court to set aside a judgment after ninety days pursuant to Rule 60(c) of the Arkansas Rules of Civil Procedure and dismissed Mrs. Mow's motion with prejudice.

On appeal, Mrs. Mow argues that the chancellor's decision to dismiss her motion with prejudice was clearly erroneous because

she met the standard of proof required by Rule 60(c). She cites *Ward v. McCord*, 61 Ark. App. 271, 966 S.W.2d 925 (1998) (quoting *United States v. Throckmorton*, 98 U.S. 61 (1878)), for the proposition that setting aside a decree pursuant to Rule 60(c) is appropriate "where the unsuccessful party has been prevented from exhibiting fully his case by fraud or deception practiced upon him by his opponent," and contends that hers is just such a case. Moreover, referring to the examples of extrinsic fraud listed in *Throckmorton*, she contends that Mr. Mow's promise that he would "take care of her" in the property settlement agreement constituted a "false promise of compromise."

Mrs. Mow further asserts that the instant case is distinguishable from *Ward v. McCord, supra*, in which this court reversed the granting of a new trial on a property settlement that was entered into after the appellant had fraudulently concealed assets, because in the instant case, only ninety-one days had elapsed since the entry of the decree whereas in *Ward*, six years had elapsed. She also contends that *Alexander v. Alexander*, 217 Ark. 230, 229 S.W.2d 234 (1950), another case in which a chancellor's decision to vacate an order was overturned on appeal, is distinguishable because the "cited concern" that there would be "no end to the litigation" is not present in the instant case. Her arguments are without merit.

 Rule 60(c)(4) states:

> (c) *Grounds for Setting Aside Judgment, Other Than Default Judgment, After Ninety Days.* The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days after the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:
>
> . . . .
>
> (4) For fraud practiced by the successful party in obtaining the judgment.

Ark. R. Civ. P. 60(c). In *Parker v. Sims*, 185 Ark. 1111, 51 S.W.2d 517 (1932), the supreme court explained the type of fraud that will warrant the setting aside of a judgment:

> The law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed. It must be a fraud practiced upon the court in the procurement of the judgment itself.

185 Ark. at 1116, 51 S.W.2d at 519-20 (citations omitted). The fraud for which a decree will be canceled must consist in its procurement and not merely in the original cause of action. *First Nat'l Bank v. Higginbotham Funeral Serv., Inc.*, 36 Ark. App. 65, 818 S.W.2d 583 (1991). It is not sufficient to show that the court reached its conclusion upon false or incomplete evidence, or without any evidence at all, but it must be shown that some fraud or imposition was practiced upon the court in the procurement of the decree, and this must be something more than false or fraudulent acts or testimony the truth of which was, or might have been, an issue in the proceeding before the court which resulted in the decree assailed. *Id.* The party seeking to set aside the judgment has the burden of showing that the judgment was obtained by fraud, and the charge of fraud must be sustained by clear, strong, and satisfactory proof. *Id.*

▆ Here, the fraud that Mrs. Mow complains of apparently lies in her claim that she should have gotten a better deal in the property settlement. She does not dispute that she agreed to the property settlement, but contends only that she should have been treated better by her estranged husband. Accordingly, the fact that an agreement was indeed reached simply does not allow a conclusion that there was a false promise to compromise. Therefore, the fraud that Mrs. Mow alleges, if indeed it is fraud, is clearly intrinsic, not extrinsic, and *Ward v. McCord, supra,* is strong authority for affirming the chancellor in the instant case. In *Ward*, we held that fraudulent concealment of marital property was "intrinsic fraud." Here we have little more than Mrs. Mow's claim that Mr. Mow promised to be fair, but failed to give her an equal share of the marital assets, which is not remarkably different from the situation in *Ward*.

■ However, in affirming the chancellor's disposition of Mrs. Mow's motion, we note that a motion is not a pleading as defined by the Arkansas Rules of Civil Procedure. *See* Ark. R. Civ. P. 7 & 10. Nonetheless, in our *de novo* review of the record we have concluded that Mrs. Mow's motion received all due consideration. "Although it is not clearly prescribed in the rules, presumably the Court must either hold a hearing for argument of a motion or must direct or permit other response by the respondent." David Newbern, *Civil Practice and Procedure* § 10-3 (2d ed. 1993); Ark. R. Civ. P. 6(c), 7(b)(1). "Most motions resulting in orders require a hearing, and occasionally, evidence may be presented." Newbern, § 16-5.

In the chancellor's letter opinion to the parties' attorneys he stated: "This matter was set for hearing on May 6, 1998, at 1:30 p.m. At that time, both of you announced that as the issues were adequately pled and briefed, that there was no need for a hearing and that the Court could review the file and make its findings." The letter opinion further stated that the chancellor determined that Mr. Mow's motion for judgment on the pleadings should be granted because Mrs. Mow had failed to "fact-plead her allegation of fraud as required under Rule 12(b)(6)."

■ Because we can affirm the chancellor if we determine that he reached the right conclusion even if for the wrong reason, we need not consider the propriety of granting a judgment on the pleadings with respect to a motion. As stated earlier, even if Mrs. Mow's allegations can be said to amount to allegations of fraud, it would amount to intrinsic fraud and, as such, would not provide a basis for relief under Rule 60(c). Both parties submitted briefs to the court and agreed that their motions could be decided without a hearing. Under the circumstances, Mrs. Mow's motion received due consideration as contemplated by our rules of civil procedure, and it was appropriate for the trial court to deny the motion and the relief she requested.

Affirmed.

ROBBINS, C.J., and CRABTREE, J., agree.