Wiley H. GRUBBS *v.* William C. HALL

CA 99-196 999 S.W.2d 693

Court of Appeals of Arkansas
Division I
Opinion delivered September 29, 1999

Peel & Simmons, P.A., by: Richard L. Peel, for appellant.

Barber, McCaskill, Jones & Hale, P.A., by: William H. Edwards, for appellee.

TERRY CRABTREE, Judge. This case involves an order from the Faulkner County Circuit Court setting aside a February 2, 1995, judgment against the appellee, William C. Hall. On appeal, the appellant, Wiley H. Grubbs, argues that the trial judge's decision was clearly erroneous because no extrinsic fraud was perpetrated upon the court and because appellee failed to state a meritorious defense in his motion to set aside the judgment. We reverse and remand.

Appellant was driving his vehicle on a highway in Faulkner County, Arkansas, when his car was hit in the rear by appellee. Appellant filed suit against appellee, but appellee's automobile insurance company, Credit General Insurance Company, refused to defend appellee, stating that his policy had expired for nonpayment.

On February 2, 1995, both appellant and appellee appeared for trial; however, counsel for appellant was not present. Both parties went to the home of appellant's counsel and met prior to the hearing set for that afternoon. During that time, several conversations took place between appellant's counsel and the unrepresented appellee, which concerned appellee's liability in the case and a possible settlement. Then, appellee signed a wage assignment prepared by appellant's counsel, which provided for a regular deduction from his paycheck of $50 per month. Appellant's counsel told appellee that he could receive his money back from a contemplated lawsuit against Credit General Insurance Company.

Thereafter, appellant sued Credit General Insurance Company. The circuit judge ruled in favor of the insurance company, but on appeal the Arkansas Supreme Court reversed the decision. See Grubbs v. Credit General Insurance Company, 327 Ark. 479, 939

S.W.2d 290 (1997). Later Credit General Insurance Company retained counsel for appellee in an attempt to set aside the judgment in this case. The circuit judge found in favor of appellee based upon Ark. R. Civ. P. 60. The judge determined that appellee had a meritorious defense and that fraud had been practiced upon the court in procurement of the judgment. On September 30, 1998, the circuit judge entered an order setting aside the judgment dated February 2, 1995.

 Arkansas Rule of Civil Procedure 60(c) provides:

> The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days after the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order.

However, in order to vacate or modify a judgment or order, the lower court must determine that at least one of an enumerated list of circumstances exists. Ark. R. Civ. P. 60(c). In this case, we believe that the only subsection that could possibly apply is subsection (c)(4), which requires fraud practiced by the successful party in obtaining the judgment. The fraud to be shown is not intrinsic, but rather fraud in the procurement of the judgment or extrinsic fraud. *Ward v. McCord*, 61 Ark. App. 271, 966 S.W.2d 925 (1998). This issue of whether the procurement of a judgment amounts to a fraud upon the court is a question of law. *Hardin v. Hardin*, 237 Ark. 237, 372 S.W.2d 260 (1963). Appellee had the burden of showing this fraud by clear, cogent and convincing evidence. *Ward, supra*. In *Ward*, this court quoted *United States v. Throckmorton*, 98 U.S. 61, 25 L.Ed. 93, wherein the Supreme Court described extrinsic fraud as follows:

> Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of compromise; or where the defendant never had knowledge of the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side.

*Id.* at 280, 966 S.W.2d at 929 (1998).

██ ██ To reverse the circuit judge's decision, we must find that he abused his discretion. *See Meisch v. Brady*, 270 Ark. 652, 606 S.W.2d 112 (Ark. App. 1980). After careful review, we find that the lower court judge did in fact abuse his discretion in setting aside the judgment. Appellee proceeded *pro se* in this matter and at his own risk. Perhaps he should have employed counsel to represent him. Nevertheless, we find that no fraud, extrinsic or otherwise, was practiced upon the court or appellee.

We need not address appellant's second argument on appeal as appellant has succeeded on his first challenge. We reverse and remand with directions to the trial court to reinstate the 1995 order. *See Meisch, supra.*

Reversed and remanded.

ROBBINS, C.J., and BIRD, J., agree.