Halley P. JOPLIN  *v.*  Janice L. JOPLIN

CA 03-1472                                                        196 S.W.3d 496

Court of Appeals of Arkansas
Opinion delivered October 27, 2004

*Joe Cambiano*, for appellant.

*Mobley Law* Firm, by: *Jeff Mobley*, for appellee.

LARRY VAUGHT, Judge. In this case from Pope County, the trial court amended a divorce decree that it had entered approximately eleven months earlier. Appellant argues that the court lacked jurisdiction to modify the decree because more than ninety days had elapsed since its entry. We agree and reverse and remand with directions to vacate the amended decree.

Appellant and appellee had been married for eighteen years when appellant filed for divorce on August 22, 2002. No children were born of the marriage, and the sole matter at issue was the division of property. On October 7, 2002, the parties, who were both represented by counsel, met in open court and testified to the terms of a property-settlement agreement. The agreement divided approximately twenty-seven items of both real and personal property and provided that each party would pay one-half of the couple's outstanding personal property taxes and one-half of their credit-card debt. Appellee testified that she was in agreement with the settlement "if it will be followed through," and she stated that she felt like she had been treated fairly. On October 21, 2002, the trial court entered a decree incorporating the parties' agreement.

Among the items that appellant was awarded in the decree were a 27-foot fifth-wheel travel trailer, a Harley Davidson motorcycle, two acres of land in Oklahoma, and a single lot of real

estate in Florida. The fifth-wheel and the motorcycle were encumbered by debt; however, the decree made no provision for payment of the debt on those items. At some point following entry of the decree, appellee determined that appellant was not making payments on the motorcycle or the fifth-wheel. This caused her some concern because both items had been financed in her name. On January 30, 2003, she filed a petition to amend the decree to designate who would be responsible for the debt on the property awarded. Appellant responded that it was common practice for the party receiving the property to pay the debt on the property, and he said that he had paid off the motorcycle, a fact that was later confirmed by appellee. However, he had not paid off the fifth-wheel.

Thereafter, appellee amended her petition and went to trial on the claim that the decree should be set aside in its entirety for what she considered the following fraudulent acts by appellant: 1) his purchase of the fifth-wheel in her name and without her knowledge and consent; 2) his misrepresentation that the tracts of land in Oklahoma and Florida were gifts to him from relatives when in fact the land had been deeded to them both; 3) his purchase of a truck in her name without her knowledge; 4) his use of a forged power of attorney to obtain the title papers to the motorcycle after the divorce; 5) his obtaining two credit cards in her name. On September 16, 2003, which was approximately eleven months after entry of the original decree, the trial court entered an amended decree. The amended decree made no specific finding of fraud, but it did away with the parties' agreed property settlement and provided that all but a few items were marital property to be sold to pay off the couple's debts, with the excess, if any, to be divided equally between them. Appellant now appeals on the ground that the trial court did not have jurisdiction to amend the original decree more than ninety days after it was entered.

■■ In order to vacate or modify a judgment or order more than ninety days after it has been entered, the trial court must determine that at least one of an enumerated list of circumstances in Ark. R. Civ. P. 60(c) (2004) exists. *Grubbs v. Hall*, 67 Ark. App. 329, 999 S.W.2d 693 (1999). Rule 60(c)(4) allows a trial court to vacate or modify a judgment after ninety days in the case of "misrepresentation or fraud (whether heretofore denominated intrinsic or extrinsic) by an adverse party." Our courts have particularly noted that a divorce decree containing an integrated

property-settlement agreement may not be judicially modified in the absence of fraudulent inducement in executing the agreement. *See Helms v. Helms*, 317 Ark. 143, 875 S.W.2d 849 (1994); *Anding v. Anders*, 249 Ark. 413, 459 S.W.2d 416 (1970). *See also McGinnis v. McGinnis*, 268 Ark. 889, 597 S.W.2d 831 (Ark. App. 1980) (recognizing that property-settlement agreements in divorce cases are highly favored under the law and, in the absence of fraud, they should not be modified by judicial action).

■■ The elements of fraud are: (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; (5) damage suffered as a result of the reliance. *Riley v. Hoisington*, 80 Ark. App. 346, 96 S.W.3d 743 (2003). The party seeking to set a judgment aside for fraud has the burden of proving fraud by clear, cogent, and convincing evidence or, as our courts have sometimes said, clear, strong, and satisfactory proof. *See McAdams v. McAdams*, 353 Ark. 494, 109 S.W.3d 649 (2003); *Grubbs v. Hall, supra*; *Mow v. Mow*, 66 Ark. App. 374, 990 S.W.2d 578 (1999); *Ward v. McCord*, 61 Ark. App. 271, 966 S.W.2d 925 (1998). We review a trial court's decision under Rule 60 for an abuse of discretion. *Fritzinger v. Beene*, 80 Ark. App. 416, 97 S.W.3d 440 (2003); *Grubbs v. Hall, supra*.

Although the amended decree does not state as much, it is apparent that the trial court set the original decree aside based on the above listed acts of fraud by appellant. We conclude that the trial court abused its discretion in doing so because, even if we assume that appellant committed the acts in question, appellee has not shown that these acts induced her to enter into the property-settlement agreement.

■ Regarding appellant's 1998 purchase of the fifth-wheel in appellee's name, it is not clear from appellee's testimony whether she was aware at the time of the 2002 property-settlement agreement that the trailer was financed in her name. Her testimony might be read to say that she did not find this out until after the divorce when she was going through some papers, but her proof on this point is far from clear. In any event, she does not say how the 1998 purchase induced her to enter into the 2002 settlement, nor does she say what she would have done differently had she

known the truth. Her main complaint on this point seems to be that appellant did not make the payments on the trailer as she understood he would do. However, a broken promise is not fraud. *See Evans Indus. Coatings v. Union County Chancery Court*, 315 Ark. 728, 870 S.W.2d 701 (1994). Further, if the parties truly had an understanding that appellant would make the payments and he failed to do so, the issue would be better addressed by a contempt motion than a petition to set aside the decree.

■ As for appellant's misrepresentation that the real property had been gifted to him when, in fact, it had been deeded to both him and appellee, appellee's point, as we understand it, is that she believed appellant's misrepresentation and thus did not try to assert her rightful interest in the properties. However, appellee's claim of fraud falls short because, at several points in her testimony, she acknowledged that she knew prior to the divorce that the properties were given to both her and appellant. In the case of the Florida property, she was even aware that she and appellant had received it in exchange for a trailer that they gave appellant's family. In light of that testimony, it cannot be said that appellee justifiably relied on appellant's misrepresentations or that they induced her to enter into the property-settlement agreement.

■ The remaining three acts of fraud likewise were not shown to have affected appellee's decision to enter into the settlement agreement. The pickup that appellant purchased in appellee's name in 1997 was repossessed in 2000 and was not part of the property division. Appellant's use of a power of attorney to obtain title to the motorcycle occurred after the decree was entered. Regarding the credit cards, the record does not reflect when appellant obtained the cards or whether appellee was aware of them prior to the divorce. Much like the fifth-wheel travel trailer, her issue seems to be that appellant did not pay one-half of the credit-card debt as he was ordered to do by the court. As we stated earlier, such a problem would be better handled by a contempt citation rather than setting aside the decree.

■ The evidence in this case gives every appearance that appellant has engaged in one or more acts of fraud during the course of the parties' marriage. However, a divorce decree containing an integrated property-settlement agreement may not be judicially modified in the absence of fraudulent inducement in executing the agreement. *See Helms v. Helms, supra; Anding v.*

*Anders, supra; McGinnis v. McGinnis, supra.* Because evidence of fraudulent inducement is lacking in this case, we hold that the trial court abused its discretion in setting aside the original decree more than ninety days after its entry. We therefore reverse and remand with directions to vacate the amended decree.

Our resolution of the case on this issue makes it unnecessary for us to address appellant's second point, that the trial court erred in dividing his Veterans' Administration disability benefits as marital property.

Reversed and remanded.

GLADWIN and ROBBINS, JJ., agree.